## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANDRE LYONS
DCDC # 219-529
CCA/CORRECTIONAL TREATMENT FACILITY
1901 E Street, S.E.
Washington, DC  20003

_____

ANDRE LYONS, DCDC # 219-529            )
                                       )
              Petitioner,              )
                                       )
                                       )
         vs.                           )
                                       )
CCA/CORRECTIONAL                       )
TREATMENT FACILITY                     )
                                       )
              Respondents.             )
_____  )

CASE NUMBER  1:06CV02008

JUDGE: Gladys Kessler

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 11/22/2006

## PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO
## 28 USC SECTION 2241 BY A PERSON IN CUSTODY IN THE
## DISTRICT OF COLUMBIA

1.(a)   Name and location of court which imposed the
        sentence (or detention) of conviction you are
        challenging:

        District of Columbia Superior Court; 500 Indiana
        Avenue, N.W.; Washington, DC 20001.

2.(a)   Date of the sentence(s) (or detention):  April
        10, 1991; and June 3, 1994 (See Exhibit A -
        Judgment & Commitment Orders from D.C. Superior
        Court).

3.      Length of sentence(s):  Case No. F 8566-89 B,C =
        Four (4) to twelve (12) years and Case No. F
        12421-93 = thirty (30) to ninety (90) months
        concurrent.

4.        Nature of offense involved (all counts):  Case
          No.: **F 8566-89 B, C** = Count B - Burglary II D.C.
          Code Section (1981 Ed.) 22-1801 and Count C -
          Theft II D.C. Code Section (1981 Ed.) 22-3811.
          Case No.:  **F 12421-93** = Possession of Cocaine
          with Intent to Distribute While Armed; D.C. Code
          Section 22-3202 (1981 Ed.).

5.(a)     What was your plea? (Check one):

          __   Not guilty
          XX   Guilty
          __   Nolo Contendre (no contest)
          __   Insanity

   (b)    If you entered a guilty plea to one count or
          charge, and a not guilty plea to another count or
          charge, give details:  Guilty pleas were entered
          into both counts B & C in Case No. F 8566-89 and
          Case No. F 12421-93.

6.        Have you previously filed any petitions,
          applications, or motions with respect to this
          sentence in any court?

                    __   Yes
                    XX   No

7.        If your answer to Question 6 was "Yes," give the
          following information:

          (a)  (1)  Name of Court:  N/A
               (2)  Nature of proceedings:  N/A
               (3)  Grounds raised:  N/A
               (4)  Did you receive an evidentiary hearing
                    on your petition, application or
                    motion?
                         __   Yes
                         XX   No

               (5)  Result:  N/A
               (6)  Date of Result:  N/A

          (b)  As to any second petition, application, or
               motion, give the same information:

               (1)  Name of Court:  N/A

- 2 -

    (2)   Nature of proceedings:  N/A

    (3)   Grounds raised:  N/A

    (4)   Did you receive an evidentiary hearing on your petition, application or motion?

          ___   Yes
          __XX__  No

    (5)   Result:  N/A

    (6)   Date of Result:  N/A

(c)   As to any third petition, application, or motion, give the same information:

    (1)   Name of Court:  N/A

    (2)   Nature of proceedings:  N/A

    (3)   Grounds raised:  N/A

    (4)   Did you receive an evidentiary hearing on your petition, application or motion?

          ___   Yes
          __XX__  No

    (5)   Result:  N/A

    (6)   Date of Result:  N/A

(d)   Did you appeal to the highest court having jurisdiction for the result of action taken in any petition, application or motion?

    (1)   First petition, etc.:
          ___   Yes
          __XX__  No

    (2)   Second petition, etc.:
          ___   Yes
          __XX__  No

    (3)   Third petition, etc.:
          ___   Yes
          __XX__  No

(e)   If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not:

There have been no petitions, applications
or motions filed in reference to this
matter.

8.  State <u>concisely</u> every ground on which you claim that
    you are being held unlawfully. Summarize <u>briefly</u> the
    facts supporting each ground. If necessary, you may
    attach pages stating additional grounds and <u>facts</u>
    supporting same.

A.  GROUND ONE: **THE BUREAU OF PRISONS HAS
ERRONEOUSLY CALCULATED MY TOTAL SENTENCE PRISON TIME
OF TWELVE (12) YEARS TO THE EXTENT THAT I AM SERVING
MORE THAN THE COURT-ORDERED TWELVE (12) YEAR SENTENCE
FROM THE D.C. SUPERIOR COURT.**

Supporting Facts:

### I. FACTUAL BACKGROUND

The Petitioner, Andre Lyons is currently incarcerated
in Washington, DC at the Corrections Corporation of
America, Central Treatment Facility ("CCA/CTF"). Andre
Lyons was sentenced on April 10, 1991, in the D.C. Superior
Court to three (3) to nine (9) years for Burglary II and
one (1) to three (3) years for Theft I. The sentences were
ordered to be served consecutively for a total of four (4)
to twelve (12) years. On May 8, 1993, Mr. Lyons was
released on parole.

On or about August, 1993, Mr. Lyons while free on
parole was arrested and charged with cocaine distribution.
Mr. Lyons was convicted of Possession of Cocaine with
Intent to Distribute While Armed and was sentenced to
thirty (30) to ninety (90) months, to be served
concurrently with his earlier twelve (12) year sentence.
(See Exhibit B). Mr. Lyons stayed in jail from August,
1993 through November 1997. Mr. Lyons was paroled for a
second time on or about November 1997.

On or about June 29, 1998, Mr. Lyons was arrested and
charged with Possession of Marijuanna. Mr. Lyons was
sentenced to one-hundred and eighty days (180) time served.
Mr. Lyons stayed in jail from June 29, 1998 through May 15,
2001, when he was granted parole on that date. Mr. Lyons
was paroled for a third time on or about May 15, 2001.)

On or about January 17, 2002, Mr. Lyons was arrested and charged with Possession with Intent to Distribute Cocaine.  Mr. Lyons was acquitted of the charges in the D.C. Superior Court.  The U.S. Parole Commission executed a parole warrant.  Mr. Lyons was given a sixteen (16) month hit from the Parole Commission for new criminal conduct. Mr. Lyons stayed in jail from January 17, 2002 until April, 2003.  Mr. Lyons was paroled on or about April, 2003.

On or about February, 2004, Mr. Lyons was arrested on a parole violator warrant as a result of technical violations including dirty urine and failure to report to his parole officer.  The Parole Commission gave Mr. Lyons a twelve (12) month hit.  Mr. Lyons stayed in jail from February, 2004 until April 2005.

In November, 2005, the Parole Commission issued a parole violator warrant for Mr. Lyons as a result of technical violations consisting of dirty urines.  On or about March 1, 2006, Mr. Lyons was arrested on Burglary charges and Assault on a Police Officer.  On or about July 20, 2006, the burglary charges and assault on a police officer were dismissed against Mr. Lyons.  Mr. Lyons now remains incarcerated as a result of a parole violator warrant charging him with new criminal conduct.

B.    GROUND TWO:  THAT BECAUSE OF THE MISCALCULATION OF PETITION
    , SENTENCE PETITIONER HAS BEEN DEPRIVED UNLAWFULLY OF OVER
    (one thousand four hundred) DAYS OF STATUTORY GOOD TIME. IN
ADDITION PETITIONER WAS NOT GIVEN CREDIT FOR INDUSTRIAL GOOD TIME
NOR GIVEN CREDIT FOR EDUCATIONAL GOOD TIME.

Supporting Facts:


II. Factual Background


     The time period that is the basis of this petition are the
years 1989 thru 2005. Petitioner was never given a hearing as
required to determine whether the GOOD TIME credits petitioner
had accrued should be forfeited. Petitioner maintains that his
original sentence (see attached judgement and commitment order)
reflects that the sentences that petitioner was serving in CASE
NO.F-8566-B and C     3 years to 9 years and 1 year to 3 years
consecutive for an aggregate dentence of 4 to 12 years.This
sentence was imposed on April 10, 1991. Petitioner received pre
trial jail credit of 350 days ewhich included the period of time
from June 1, 1990 thru April 9, 1991 for a total of 313 days.
In addition petitioner received pre-trial credit from October
10, 1989 thru November 15, 1989 an additional 37 days.

     ON  JUNE 3, 1994 petitioner was sentenced to 30 months to
90 months in CASE NO. F-12421-93 which was cincurrent to the    -
proir sentence of 4-to 12 years imposed on April 10, 1991. The
crux of this matter is the sentence in CASE NO. F-12421-93 that
was imposed on June 3, 1994. Petitioner was arrested on NOV.30,
1993 in that caSE.Petitioner received a detainer from the UNITED
STATES PAROLE COMMISSION on December 4, 1993 and that is when the
revocation of parole sentence should have commenced. Petitioner
was on bond in CASE NO.F-12421-93 but was unable to be at liberty
because of the parole detainer even thought the parole warrant
was not executed until AUGUST 14, 1996. Petitioner remained incar
cerated from Nov. 30, 1993 until he was re-paroled on August 14,
1997. The time period in question is the periOd of time
November 30, 1993 when a detainer was placed (actually a five day
hold) or December 5, 1993 when a PAROLE COMMISSION detainer was
lodged against petitioner. Petitioner,s sentences in CASE NO. F85
66-89 B and C and CASE NO. F-12421-93 were concurrent.

     D.C. CODE SECTION 24-431 states that "SPECIFICALLY PROVIDES
FOR CREDIT ONLY WHEN THE TIME IN QUESTION WAS SPENT IN CUSTODY AS
A RESULT OF THE OFFENSE FOR WHICH SENTENCE WAS IMPOSED:".
This statute applies to petitioners case. Petitioner is entitled
to credit of two years eight months because he was incarcerated
from November 30, 1993 thru August 14,1996. This time was spent
in custody as a result of a parole commission detainer that was
lodged on DECEMBER 5, 1993 the warrant not being executed until
AUGUST 14, 1996. This is the gist of petitioners request for
HABEAS relief. Petitioner has been denied credit for time spent
in custody because of numerous errors by the UNITED STS PAROLE
COMMISSION and the FEDERAL BUREAU OF PRISONS in the calculation
of petitioners sentence.

D.    GROUND FOUR:

(a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

9.    If any of the grounds listed in 12A, B, C, or D were not previously presented in any other court, District of Columbia or Federal, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

Filed administrative remedies while incaecerated in
Winton, North Carolina thouht the matter
addressed and resolved.

_____

_____

_____

_____

10.    Do you have any petition or appeal pending in any other court, either, District of Columbia or Federal, as to the sentence (or detention) under attack?

☐    Yes
☒    No

(a)    If so, give the name and location of the court and case number, if known: _____

_____

_____

11.    Do you have any future sentence to serve after you complete the sentence (or detention) under attack?

☐    Yes
☒    No

(a)    If so, give name and location of court which imposed sentence to be served in the future:

_____

_____

(b)   And give date and length of sentence to be served in future: _____

**NA**

(c)   Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

☐   Yes

☒   No

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_Mr. Andre P Lyons #219529_
Petitioner's Signature

_11-20-06_
Date

−8−

## §2.21 REPAROLE CONSIDERATION GUIDELINES.

(a)(1) If revocation is based upon administrative violation(s) only, grade the behavior as if a Category One offense under §2.20.

(2) If a finding is made that the prisoner has engaged in behavior constituting new criminal conduct, the appropriate severity rating for the new criminal behavior shall be calculated. New criminal conduct may be determined either by a new federal, state, or local conviction or by an independent finding by the Commission at revocation hearing. As violations may be for state or local offenses, the appropriate severity level may be determined by analogy with listed federal offense behaviors.

(b) The guidelines for parole consideration specified at 28 C.F.R. 2.20 shall then be applied with the salient factor score recalculated. The conviction and commitment from which the offender was released shall be counted as a prior conviction and commitment.

(c) Time served on a new state or federal sentence shall be counted as time in custody for reparole guideline purposes. This does not affect the computation of the expiration date of the violator term as provided by Sections 2.47(e) and 2.52(c) and (d).

(d) The above are merely guidelines. A decision outside these guidelines (either above or below) may be made when circumstances warrant.

*Notes and Procedures*

▮2.21-01. *Administrative Violations.* The Commission has a range of sanctions available for dealing with administrative parole violations: reprimand, special conditions (*e.g.*, a CCC placement), and revocation. The Commission preference is to use reimprisonment as a last resort, *i.e.*, when other sanctions have been unsuccessfully tried or are plainly inappropriate. Note: Where there are administrative violations and new criminal conduct, the new criminal conduct controls. Do not consider administrative violations under the multiple separate offense procedure.

▮2.21-02. *Miscellaneous Offenses.* Common offenses involving parole violators that are graded as Category One (under §2.20 Chapter Twelve) include driving while under the influence/ while impaired, and possession of weapons other than firearms (*e.g.*, possession of a switchblade knife).

▮2.21-03. *Possession of a Weapon by a Parolee.* Possession of a firearm by a parolee will usually constitute new criminal conduct (the Federal Gun Control Act of 1968 generally prohibits persons convicted of felonies from possessing firearms, although there are certain limited exceptions. For example, this Act does not apply to persons adjudicated under the Federal Juvenile Delinquency Act). However, there may be cases in which possession of a weapon does not constitute new criminal conduct but is still a violation of the conditions of parole (*e.g.*, possession of weapons other than firearms). For such cases, the administrative violation category of the reparole guidelines will apply.

▮2.21-04. *Escape by Parolee from State Custody.* Occasionally, a prisoner will be paroled to a state sentence and will subsequently escape. For guideline purposes, apply the rescission guidelines (28 C.F.R. 2.36) as if the escape had been from a federal sentence.

## §2.22 COMMUNICATION WITH THE COMMISSION.

Attorneys, relatives, or interested parties wishing a personal interview to discuss a specific case with a representative of the Commission must submit a written request to the appropriate office setting forth the nature of the information to be discussed. Such interview may be conducted by a Commissioner or assigned staff, and a written summary of each such interview shall be prepared and placed in the prisoner's file.

*Notes and Procedures*

▮2.22-01. *Review and Referral of Correspondence.* Correspondence from prisoners or their relatives, friends or others is reviewed by an analyst and a reply, if appropriate, is made to the writer by the analyst. If the content of the correspondence is



**ANDRE LYONS, DCDC #219529**
**#07099-007**
**1901 D. ST. SE**
**WASHINGTON, DC 20003**



APRIL 21, 2006

Dear Judge A. Franklin Burgess,

I am writing this letter asking for your assistance with a judgment made by you on April 10, 1991. I was arrested on 7-21-89. Case no. F 8566-89 B and C. The charges were B- Burglary II and C- Theft I. On the Burglary, I was given three to nine years. On the Theft I, I was given one to three years; to be ran consecutively. This gave me twelve (12) years to be incarcerated. The judgment and commitment/probation order was signed April 10, 1991. My original full term date was April 24, 2002 and a short-term date of May 15, 1998.

On June 03, 1994 case no. F12421-93F, I was sentenced by Judge Beaudin to 30 to 90 months for possession with the intent to distribute cocaine while armed; to be ran concurrent with my previous sentence. This gave me two in a half (2 ½) to seven in a half (7 ½) years. This is what was signed on the judgment and commitment/probation order dated 6-3-94. Some how my charges have not been ran concurrently. With the jail credit given to me on the computation sheets, I have approximately 15 years and 8 months of jail time. This does not include any statutory good time credits, which I should have received. I suggest that if I had been given all time due to me, than my debt owed to the Federal government should now be satisfied. I have been given several different dates of satisfaction and would like your help in understanding why my full term and short term dates have come and gone and I have not had the benefit of either. I feel that there has been some misunderstanding with respect to how concurrent and consecutive sentences are applied to a person's time. I also noticed that in J. Fielder's computation of my time, I was only given credit for days in jail after each sentencing. The time I spent in jail, awaiting sentencing, was not given to me by J. Fielder. However, the independent computation sheets reflect some of that time.

It is with the understanding that mistake are made in all types of situations; which is why I would like for you to review the information that I have enclosed to assist you with the request that I am making at this time to vacate/expunge all time added to my original sentences mistakenly. Thank you in advance for your attention and assistance in regards to this matter.

Enclosed:  Judgment and Commitment/Probation Orders (Burgess and Beaudin)
　　　　　　Face Sheets (2)
　　　　　　Sentence Monitoring, Independent Sentence Computation Sheets 1-6
　　　　　　Letter from Johnna Fielder, Legal Instrument Examiner
　　　　　　Response to Johnna Fielder- - from A. Lyons #219529

　　　　　　　　　　Sincerely,

　　　　　　　　　　Andre Lyons
　　　　　　　　　　DCDC#219529
　　　　　　　　　　#07099-007

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

vs.

Andre Lyons

Case No. F 8546-89 B
PDID No. 321-255
CDF 32

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of _____
(F) Burgulary II
(C) Thift I and having been found guilty by ☐ Jury ☑ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

(B) Three to nine years
(C) One to three years, consecutive

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed

☑ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
[Youth Rehabilitation Act 1985]

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $ _____ in monthly installments of $ _____ beginning _____ (see reverse side for payment)
will distribute monies to _____

APR 01 2___

Clerk, Superior Court of the District of Columbia

By: _____
Deputy Clerk

Costs in the aggregate amount of $ 40.00 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

4/10/91
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

4/10/91
Date

PSI Attached

_____
Deputy Clerk

Form C(Rev 10-85) Rev. 43

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

MBD 88

vs.

ANDRE LYONS

Case No. F-12421-93
PDID No. 321-255

PSI attached !!

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____ Count "F" Possession With Intent to Distribute Cocaine White Aemes

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to Count "F" (30) thirty to (90) ninety months in jail, concurrent,

Drug treatment recommended at CTF.

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply. *ADDICT Exception Quali

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for a period of the period imposed above

_____ the defendant is committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24 Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985]

☐ ORDERED _____

and is to suffer imprisonment that while on probation the defendant

☐ Observe the general conditions of probation

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

will distribute monies to

☐ _____

Costs in the aggregate amount of $ 20.00 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

6 — 3 — 94
Date

Bruce D. Beaudin
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

6 — 3 — 94
Date

Dwight L. Estell
Deputy Clerk

Form CD(18)-1040/Aug. 87

FORM 15 DCDC 7.70
IDFS 103

# DISTRICT OF COLUMBIA
## DEPARTMENT OF CORRECTIONS
### FACE SHEET No. 2

Date Prepared
4-15-91
(Mo., Da., Yr.)

*DE-1P*

| DCDC Number | Name (Last, First, Middle) | | Race | Sex |
|---|---|---|---|---|
| 219529 | Lyons Andre | | B | M |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|---|
| | | | | | | 2-16-67 | |

| Offense | Burg. II | Theft I |
|---|---|---|
| Case Number | M8566-89B | M8566-89C |
| Sentence (Yrs., Mos., Days) | 3-9 years | 1-3 years (cons) |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 4-10-91 | 4-10-91 |
| Full Term Date (Mo., Da., Yr.) | | 4-24-2002 ✱ |
| Short Term / M.R. Date (Mo., Da., Yr.) | | 5-15-1998 ✱ |

Max. Supervision Date
(Mo., Da., Yr.)

DETAINERS

| Date Filed | For |
|---|---|

| JAIL CREDIT DATES | | REMARKS |
|---|---|---|
| From and Including | To and Including | |
| 6-1-90 | 4-9-91 = 313 days | |
| 10-10-89 | 11-15-89 = 37 days | |
| | TOTAL = 350 days | |
| | Days I should | |
| | have got credit | |
| | for | |

ADP Form '9 DCDC-7-7C

*was is wst st before i came in now is →*

# DISTRICT OF COLUMBIA
# DEPARTMENT OF CORRECTIONS
## FACE SHEET No. 2

Date Prepared

10-15-96
(Mo., Da., Yr.)

| DCDC Number 219-529 | Name (Last, First, Middle) Lyons, Andre | | | | | | Race B | Sex M |
|---|---|---|---|---|---|---|---|---|
| Height | Weight | Build | Eyes | Hair | Age | Birth Date 02-16-67 | Place of Birth Washington DC | |

| | |
|---|---|
| Offense | Burg II (PV) Theft |
| Case Number | F 8566-89B,C |
| Sentence (Yrs., Mos., Days) | owes 08yrs 2mos 1 day |
| Warrant Executed / Sentence Begins (Mo., Da., Yr.) | 08-14-96 |
| Full Term Date (Mo., Da., Yr.) | 10-14-2004 |
| Short Term / M.R. Date (Mo., Da., Yr.) | 08-22-2002 |
| Parole Eligibility Date (Mo., Da., Yr.) | P.V. |
| Max. Supervision Date (Mo., Da., Yr.) | |
| Statutory Good Time | |
| Plea | |

DETAINERS

| Date Lifted | For | Action | Date | | | |
|---|---|---|---|---|---|---|

CONDUCT CREDITS

street credit only 05-07-93 to 02-22-94 292days

*Dates Cleared 5.27.97/sat*

```
  RIVBM  540*23 *            SENTENCE MONITORING          *    02-28-2005
PAGE 001          *            COMPUTATION DATA           *    14:20:48
                                AS OF 02-28-2005
```

REGNO..: 07099-007 NAME: LYONS, ANDRE


```
FBI NO...........: 309102EA7            DATE OF BIRTH: 02-16-1967
ARS1.............: RIV/A-DES
UNIT.............: C                    QUARTERS.....: C03-110L
DETAINERS........: NO                   NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 03-25-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  04-29-2005 VIA PAROLE

----------------------CURRENT JUDGMENT/WARRANT NO: 030 ----------------------

```
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F8566-89BC
JUDGE...........................: BURGESS
DATE SENTENCED/PROBATION IMPOSED: 04-10-1991
DATE WARRANT ISSUED.............: 02-20-2004
DATE WARRANT EXECUTED...........: 04-29-2004
DATE COMMITTED..................: 09-27-2004
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO     AMOUNT:  $00.00

----------------------CURRENT OBLIGATION NO: 010 ----------------------

```
OFFENSE CODE....:  605
OFF/CHG: 22-1801(B), BURGLARY II; 22-3812(A), THEFT I

SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   12 YEARS
NEW SENTENCE IMPOSED...........:  1682 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE................: 07-21-1989
```


G0002       MORE PAGES TO FOLLOW . . .

```
RIVBM  540*23 *              SENTENCE MONITORING        *      02-28-2005
PAGE 002 OF 002 *             COMPUTATION DATA          *      14:20:48
                              AS OF 02-28-2005

REGNO..: 07099-007 NAME: LYONS, ANDRE


------------------------CURRENT COMPUTATION NO: 030 --------------------------


COMPUTATION 030 WAS LAST UPDATED ON 10-04-2004 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010

DATE COMPUTATION BEGAN..........: 04-29-2004
TOTAL TERM IN EFFECT............:  1682 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    4 YEARS      7 MONTHS      7 DAYS
EARLIEST DATE OF OFFENSE........: 07-21-1989

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 7
TOTAL SGT POSSIBLE..............: 386
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 11-15-2007
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 12-05-2008

PAROLE EFFECTIVE................: 04-29-2005
PAROLE EFF VERIFICATION DATE....: 08-26-2004
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PAROLE EFFECTIVE

PROJECTED SATISFACTION DATE.....: 04-29-2005
PROJECTED SATISFACTION METHOD...: PAROLE

REMARKS.......: COMPUTATION CERTIFIED BY DCRC ON 10-18-04




G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

CROAA  540.03 *                    SENTENCE MONITORING                  *        08-03-2004
              *          INDEPENDENT SENTENCE COMPUTATION               *        08:25:29

SENTENCE PROCEDURE: 10     4205(A) REG ADULT
SPT/PAR/MR VIOL...: N     MAN SGT RATE:
TERM IN EFFECT YRS: 12   MOS:     DAYS:          OR LIFE/DEATH:
TIE CONVERTED  YRS: 12   MOS:     DAYS:
MINIMUM TERM   YRS:      MOS:     DAYS:
JAIL CREDIT     FROM: 10-10-1989     THRU: 11-15-1989 = 37    DAYS
                FROM: 06-01-1990     THRU: 04-09-1991 = 313   DAYS
                FROM:                THRU:            =        DAYS
TOTAL JAIL CREDIT DAYS: 350
INOP TIME       FROM:                THRU:            =        DAYS
                FROM:                THRU:            =        DAYS
TOTAL INOPERATIVE TIME DAYS:

DT SENT BEGAN: 04-10-1991        SGT RATE......: 10
                                 SGT TOTAL DAYS: 1440
                                 STAT REL DT...: 05-15-1998 FRI
                                 180 DAY DT....: 10-26-2001
                                 PAROLE ELIG...: 04-24-1994
                                 2/3 OR 30YR DT: 04-24-1998
HARDCOPY Y/N: N                  EFT DT........: 04-24-2002

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

Original FTD

CROAA  540.03 *                    SENTENCE MONITORING                      *        08-03-2004
                                INDEPENDENT SENTENCE COMPUTATION             *        08:29:56

SENTENCE PROCEDURE:
SPT/PAR/MR VIOL...:            MAN SGT RATE:
TERM IN EFFECT YRS:    MOS:        DAYS:
TIE CONVERTED  YRS:    MOS:        DAYS:          OR LIFE/DEATH:
MINIMUM TERM   YRS:    MOS:        DAYS:
JAIL CREDIT    FROM: 05-08-1983  THRU: 04-24-2002 = 3274 DAYS
               FROM: *Paroled*    THRU:            =      DAYS
               FROM:              THRU:            =      DAYS
TOTAL JAIL CREDIT DAYS: (3274)
INOP TIME      FROM:              THRU:            = DR   DAYS
               FROM:              THRU:            =      DAYS
TOTAL INOPERATIVE TIME DAYS:                        On

DT SENT BEGAN:                 SGT RATE......:    F8506-89
                               SGT TOTAL DAYS:
                               STAT REL DT...:
                               180 DAY DT....:
                               PAROLE ELIG...:
HARDCOPY Y/N: N                2/3 OR 30YR DT:
                               EFT DT........:

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

2

```
CROAA              *              SENTENCE MONITORING           *        08-06-2004
PAGE 001 OF 001  *      INDEPENDENT AGGREGATE TERM IN EFFECT    *        10:46:24


ANCHOR SENTENCE.....:


        DCB: 06-10-1994    TIE:      -    - 3274     EFT: 05-27-2003

CONCURRENT SENTENCES:


        DSI: 06-10-1994    TIE:    - 90  -           EFT: 12-09-2001
        DSI:               TIE:     -    -           EFT:
        DSI:               TIE:     -    -           EFT:
        DSI:               TIE:     -    -           EFT:
        DSI:               TIE:     -    -           EFT:
        DSI:               TIE:     -    -           EFT:
        DSI:               TIE:     -    -           EFT:
        DSI:               TIE:     -    -           EFT:
        DSI:               TIE:     -    -           EFT:

AGGREGATE SENTENCE..:


                           TIE: 8   - 11   - 18     EFT: 05-27-2003

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

3

```
CROAA  540.03  *              SENTENCE MONITORING              *    08-06-2004
               *      INDEPENDENT SENTENCE COMPUTATION         *    10:48:10
```

```
SENTENCE PROCEDURE: 10    4205(A) REG ADULT
SPT/PAR/MR VIOL...: N     MAN SGT RATE:
TERM IN EFFECT YRS: 8    MOS: 11   DAYS: 18     OR LIFE/DEATH:
TIE CONVERTED  YRS: 8    MOS: 11   DAYS: 18
MINIMUM TERM   YRS:      MOS:      DAYS:
JAIL CREDIT    FROM: 11-30-1993   THRU: 12-21-1993 = (22)   DAYS
               FROM: 01-25-1994   THRU: 06-02-1994 = (129)  DAYS
               FROM:              THRU:            =         DAYS
TOTAL JAIL CREDIT DAYS: (151)
INOP TIME      FROM:              THRU:            =         DAYS
               FROM:              THRU:            =         DAYS
TOTAL INOPERATIVE TIME DAYS:

DT SENT BEGAN: 06-03-1994          SGT RATE.......: 8
                                   SGT TOTAL DAYS: (860)
        DCB                        STAT REL DT...: 08-12-2000 SAT
                                   180 DAY DT....: 06-23-2002
                                   PAROLE ELIG...: 12-28-1996
                                   2/3 OR 30YR DT: 12-25-1999
HARDCOPY Y/N: N                    EFT DT........: 12-20-2002

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

4

```
CROAA  540.03  *              SENTENCE MONITORING              *    08-06-2004
               *        INDEPENDENT SENTENCE COMPUTAT          *    10:49:12
```

SENTENCE PROCEDURE:
SPT/PAR/MR VIOL...:          MAN SGT RATE:
TERM IN EFFECT  YRS:     MOS:     DAYS:            OR LIFE/DEATH:
TIE CONVERTED   YRS:     MOS:     DAYS:
MINIMUM TERM    YRS:     MOS:     DAYS:
JAIL CREDIT   FROM: 08-16-1997   THRU: 12-20-2002 = (1953) DAYS
              FROM: Parded       THRU:            =        DAYS
              FROM:              THRU:            =        DAYS
TOTAL JAIL CREDIT DAYS: (1953)                       DR
INOP TIME     FROM:              THRU:            =        DAYS
              FROM:              THRU:            =        DAYS
TOTAL INOPERATIVE TIME DAYS:

DT SENT BEGAN:                   SGT RATE......:
                                 SGT TOTAL DAYS:
                                 STAT REL DT...:
                                 180 DAY DT....:
                                 PAROLE ELIG...:
                                 2/3 OR 30YR DT:
HARDCOPY Y/N: N                  EFT DT........:

G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

CROAO  540.03 *                     SENTENCE MONITORING                  *        08-10-2004
              *       INDEPENDENT SENTENCE COMPUTATION           *        12:59:12

SENTENCE PROCEDURE: 10     4205(A)REG ADULT
SPT/PAR/MR VIOL...: N     MAN SGT RATE:
TERM IN EFFECT YRS:       MOS:       DAYS: 1953     OR LIFE/DEATH:
TIE CONVERTED  YRS: 5     MOS: 4     DAYS: 7
MINIMUM TERM   YRS:       MOS:       DAYS:
JAIL CREDIT      FROM:                THRU:                =       DAYS
                 FROM:                THRU:                =       DAYS
                 FROM:                THRU:                =       DAYS
TOTAL JAIL CREDIT DAYS: (48)
INOP TIME       FROM:                 THRU:                =       DAYS
                FROM:                 THRU:                =       DAYS
TOTAL INOPERATIVE TIME DAYS:

                                      SGT RATE......: 8
DT SENT BEGAN: 01-15-2002             SGT TOTAL DAYS: (513)
                                      STAT REL DT...: 11-06-2005 SUN
                                      180 DAY DT....: 10-05-2006
                                      PAROLE ELIG...: 09-08-2003
                                      2/3 OR 30YR DT: 06-20-2005
HARDCOPY Y/N: N                       EFT DT........: 04-03-2007

G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

### WASHINGTON, D.C. 20001

CHAMBERS OF
A. FRANKLIN BURGESS, JR.
JUDGE

June 23, 2006

Mr. Andre Lyons
DCDC No. 219529
Fed. Reg. No. 07099-007
D.C. Jail
1901 D Street, S.E.
Washington, D.C.  20003

Re:  Case No. F8566-89

Dear Mr. Lyons:

Your letter of April 21, 2006 raises an issue concerning the execution of your sentence.  I do not have jurisdiction over that issue.  That issue needs to be raised in the Federal Court in the District where you are incarcerated.  I am forwarding your letter to the following attorney, who may be able to assist you.

Brian Roberts, Esquire
The Public Defender Service
  For the District of Columbia
633 Indiana Avenue, N.W.
Washington, D.C.  20004
Direct Line:  202/824-2851

Very truly yours,

A. Franklin Burgess, Jr.
Judge

Mr. Andre Lyons
June 23, 2006
Page 2


cc: Brian Roberts, Esquire
    The Public Defender Service
      For the District of Columbia
    633 Indiana Avenue, N.W.
    Washington, D.C.  20004

# PUBLIC DEFENDER SERVICE
## FOR THE DISTRICT OF COLUMBIA

BOARD OF TRUSTEES

CYNTHIA D. ROBBINS
  CHAIRPERSON
JO-ANN WALLACE
  VICE CHAIRPERSON
THOMAS L. BOWEN
EMILIO W. CIVIDANES
CLAIRE M. JOHNSON
HANNAH JOPLING
KARL A. RACINE
JEFFREY D. ROBINSON
JOAN H. STRAND
DONALD R. VEREEN, JR.
ROBERT L. WILKINS

633 INDIANA AVENUE. N.W.
WASHINGTON, D.C. 20004

(202) 628-1200
(800) 341-2582
TTY (202) 824-2531
FAX (202) 824-2627

www.pdsdc.org

AVIS E. BUCHANAN
DIRECTOR

PETER A. KRAUTHAMER
DEPUTY DIRECTOR

November 8, 2006

United States Parole Commission
5550 Friendship Boulevard,
Suite 420
Chevy Chase, MD 20815

RE:    <u>Andre Lyons Registration # 07099-007</u>

To Whom It May Concern:

My name is Lloyd U. Nolan, Jr., and I am an attorney for Andre Lyons. Mr. Lyons currently has a pending parole revocation hearing scheduled for November 20, 2006, on the afternoon calendar. Mr. Lyons has explained to me and we have done some calculations that back up the fact that Mr. Lyons has done more than the 12 years of incarceration he was initially sentenced to. I have attached a copy of the calculations to this letter and our position is outlined below.

Based on our calculations Mr. Lyons should no longer be under the jurisdiction of the United States Parole Commission and should be released from custody. Within in our calculations we have accounted for the fact that Mr. Lyons would have lost any street time he may have gained prior to any revocations and it is still our position that even with the loss of street time Mr. Lyons has still done more than the 12 years he was initially sentenced to. In addition our calculation does not include any addition for good time credits. It is our position that Mr. Lyons would have been entitled to and should have received good time credits that would be calculated at 54 days a year or 7 days per month. If the calculation for good time credit is 54 days a year Mr. Lyons should have received 648 days of good time credits or approximately 21 months. If the correct calculation is 7 days per moth that would equate to 84 days a year or just over 2 ½ years.

It is our request that this matter be assigned to someone who could address this matter as soon as possible. I can be reached at the following number (202) 824-2808. Thank you in

advance for your assistance.

Sincerely,

Lloyd U. Nolan, Jr.
Counsel for Andre Lyons

Enclosure

Andre Lyons 219-529
TIMELINE

**F8566-89 B, C**
**OFFENSE DATE 07/21/89**
*Time served*
- 10/10/89-11/15/89 (37 Days)
- 06/01/90-04/09/91 (313 Days)

**DATE SENTENCED 04/10/91**
Sentenced to 4-12 years (1,461-4,383 Days)
*Time served*
- 04/10/91-05/08/93 (760 Days)

**DATE**  **05/08/93**



**OFFENSE DATE 11/30/93**
*Time served*
- 11/30/93-12/21/93
- 1/25/94-6/2/94

**DATE SENTENCED 06/03/94**
Sentenced to 30-90 months in jail, concurrent
*Time served*
- 06/03/94-08/14/96 

**DATE PAROLE WARRANT EXECUTED 08/14/96**
*Time served*
- 08/14/96-08/15/97


**OFFENSE DATE 06/28/98**
**DATE SENTENCED 02/17/99**
Sentenced to 180 Days on each count, concurrent to each other, but consecutive to other charges

**DATE PAROLE WARRANT EXECUTED 02/19/99**
*Time served*
- 02/19/99-02/26/01 

**DATE PAROLE WARRANT EXECUTED 01/15/02**
*Time served*
- 01/15/02-05/16/03

**DATE PAROLE WARRANT EXECUTED 04/28/04**
*Time served*
- 04/28/04-04/29/05

**OFFENSE DATE 03/02/06**
*Time served*
**3/02/06-Present**

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

06-2008
G
GK

---

**I (a) PLAINTIFFS**

Andre Lyons

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _11001_
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**DEFENDANTS**

CCA Correctional Facility

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _11001_
(IN U.S. PLAINTIFF CASES ONLY)

CASE NUMBER   1:06CV02008

JUDGE: Gladys Kessler

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 11/22/2006

---

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☑ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**

☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| □ **G.** *Habeas Corpus/2255* | □ **H.** *Employment Discrimination* | □ **I.** *FOIA/PRIVACY ACT* | □ **J.** *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ **K.** *Labor/ERISA (non-employment)* | □ **L.** *Other Civil Rights (non-employment)* | □ **M.** *Contract* | □ **N.** *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

| ☒ 1 Original Proceeding | □ 2 Removed from State Court | □ 3 Remanded from Appellate Court | □ 4 Reinstated or Reopened | □ 5 Transferred from another district (specify) | □ Multi district Litigation | □ 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint   **JURY DEMAND:** □ YES   ☒ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   □ YES   ☒ NO   If yes, please complete related case form.

**DATE** 11/22/06   **SIGNATURE OF ATTORNEY OF RECORD**

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd