# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ANDRE LYONS,** | **:** | |
| **Petitioner** | **:** | |
| | **:** | **Civil Action No. 06-2008 (GK)** |
| **v.** | **:** | |
| | **:** | |
| **CCA/CORRECTIONAL** | **:** | |
| **TREATMENT FACILITY,** | **:** | |
| **Respondent** | **:** | |

## UNITED STATES' OPPOSITION TO THE PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the petitioner's pro se petition for a writ of habeas corpus in which the petitioner challenges the calculation of his full-term sentence date in Superior Court Case No. F8566-89. In support of his petition, the petitioner claims that he has completed his sentence in F8566-89 because his sentence in F12421-93 was concurrent to his sentence in F8566-89, and because the good time credits that he earned prior to his parole revocations should not have been forfeited and should be applied to reduce the maximum term of his sentence. Because the petitioner's good time credits did not reduce the maximum term of his sentence and were properly forfeited upon his parole revocations in any event, and because the petitioner has been given sentence credit for all the time he spent in custody serving his parole violator term, the petitioner's petition for a writ of habeas corpus should be summarily denied.

## PROCEDURAL HISTORY

The petitioner, Andre Lyons, was sentenced, on April 10, 1991, to an aggregate term of 4 to 12 years of imprisonment for second degree burglary and theft in Superior Court Case No.

-1-

F8566-89. See Exhibit A at p. 1 (D.C. Rehearing Following D.C. Revocation Prehearing Assessment). The petitioner was paroled on May 7, 1993, and was to remain under parole supervision until April 24, 2002, his original full-term sentence date. See Exhibit B (Certificate of Parole). On November 30, 1993, the petitioner was arrested for possession with intent to distribute cocaine while armed in Superior Court Case No. F12421-93. See Exhibit C at p. 2 (Parole Determination Record). The D.C. Board of Parole ("the Board") issued a parole violator warrant on February 23, 1994, which was lodged as a detainer on March 3, 1994. This violator warrant was based on criminal and non-criminal violations of parole. See Exhibit C at p. 1 and Exhibit D (Notice of Board Order).

On June 3, 1994, the petitioner was sentenced in F12421-93 to a concurrent term of 30 to 90 months for possession with intent to distribute cocaine while armed. See Exhibit E (Judgment and Commitment Order). The parole violator warrant was executed on August 14, 1996 and the petitioner resumed service of his F8566-89 sentence on that date. See Exhibit C at p. 1. On September 11, 1996, the Board ordered that the petitioner be paroled from his sentence in F12421-93 to the detainer warrant lodged in F8566-89. See Exhibit F (Notice of Board Order).

On July 16, 1997, the Board ordered that the petitioner be granted re-parole and the petitioner was re-paroled on August 15, 1997. See Exhibit A at p. 1 and Exhibit G (Notice of Board Order). The petitioner was arrested on June 28, 1998 and charged with possession with intent to distribute cocaine and assaulting a police officer in F4679-98. See Exhibit H at p.7 (Replicated Criminal Information System). On June 29, 1998, the Board issued a parole violator warrant for criminal violations. See Exhibit I (Notice of Board Order). The petitioner was sentenced on February 17, 1999 in F4679-98 to 180 days of imprisonment for possession of

cocaine and marijuana. See Exhibit H. The parole violator warrant was executed on February 19,

1999. See Exhibit A at p.1. The Board, on June 30, 1999, issued an order to revoke the

petitioner's parole. See Exhibit J (Notice of Board Order).

On April 24, 2000, the U.S. Parole Commission ("the Commission") established a

presumptive parole date of February 26, 2001, after the service of 32 months. See Exhibit K

(Notice of Action).[1] The petitioner was re-paroled on February 26, 2001, and was to remain

under parole supervision until February 2, 2007, his re-calculated full-term sentence date. See

Exhibit L (Certificate of Parole).

On November 28, 2001, the Commission issued a parole violator warrant charging the

petitioner with violating the conditions of his parole by using dangerous and habit forming drugs

and violating the law (based on an arrest on 10/30/01 for possession with intent to distribute

cocaine, and possession of heroin and cocaine). See Exhibit M (Warrant Application) and

Exhibit N (Warrant). This parole violator warrant was executed on November 28, 2001. See

Exhibit O at p. 2 (Local Revocation Prehearing Assessment). On June 27, 2002, the Commission

revoked the petitioner's parole, forfeited the time he spent on parole, and established a

presumptive parole date of May 15, 2003, after the service of 16 months. See Exhibit P (Notice

of Action). The petitioner was paroled on May 15, 2003. See Exhibit Q (Certificate of Parole).

On February 20, 2004, the Commission issued another parole violator warrant charging

the petitioner with failure to submit to drug testing, use of dangerous and habit forming drugs,

---

[1]The petitioner was transferred to the jurisdiction of the U.S. Parole Commission pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, §11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code §24-131 (formerly § 24-1231).

failure to report as directed by his supervision officer, and violating an aftercare treatment condition. See Exhibit R (Warrant Application) and Exhibit S (Warrant). The parole warrant was executed on April 29, 2004. See Exhibit T at p. 2 (Sentence Computation Monitoring Data dated 4/29/05).  On August 26, 2004, the Commission revoked the petitioner's parole, forfeited the time he spent on parole, and established a re-parole date of April 25, 2005. See Exhibit U (Notice of Action). The petitioner was re-paroled on April 29, 2005, and was to remain under parole supervision until December 5, 2008. See Exhibit V (Certificate of Parole).

The Commission issued another parole violator warrant on December 14, 2005 charging the petitioner with use of dangerous and habit forming drugs, failure to submit to drug testing and violation of his aftercare drug conditions. See Exhibit W (Warrant Application) and Exhibit X (Warrant). A supplemental law violation was alleged on March 9, 2006 based on the petitioner's arrest for first-degree burglary and assaulting a police officer on March 1, 2006. See Exhibit Y (Supplement). The parole violator warrant was executed on March 16, 2006. See Exhibit Z (D.C. Local Revocation Prehearing Assessment). On December 14, 2006, the Commission revoked the petitioner's parole, forfeited the time he spent on parole, and continued him to the expiration of his sentence. See Exhibit AA (Notice of Action). Based on his latest revocation, the petitioner's re-calculated full-term sentence date is October 7, 2009, and his mandatory release date is October 31, 2008. See Exhibit BB at p. 5 (Bureau of Prisons Sentence Monitoring Computation Data).

## ARGUMENT

The petitioner argues that his full-term sentence date in F8566-89 has not been properly calculated because he has not been given credit for all of the time he has spent in custody and

because the D.C. Good Time Credits Act of 1986 has not been properly applied to his sentence, claiming that these credits would reduce his full-term sentence date and can not be forfeited. Because good time credits do not reduce a prisoner's full-term sentence date, because these credits were properly forfeited upon revocation of parole, and because the petitioner has been credited for all of the time he has spent in custody serving his F8566-89 sentence, the petitioner's petition for a writ of habeas corpus should be summarily denied.[2]

**I.    Petitioner Has Been Awarded All Of The Sentence Credit That He Is Due**

The petitioner claims that he has completed his sentences in both F8566-89 and F12421-93. The lynchpin to the petitioner's argument is his contention that his sentence of 30 to 90 months in F12421-93 was to run concurrently to his sentence in F8566-89. While the Judgment and Commitment Order in F12421-93 indicates that this sentence was to run concurrently, as the procedural history, supra, indicates, the petitioner was on parole and was not serving his sentence in F8566-89 when his sentence was imposed on June 3, 1994 in F12421-93 and therefore his sentence in F12421-93 could not run concurrently with F8566-89.

---

[2]Since the filing of the petitioner's habeas petition, the petitioner has been transferred to FCI Fairton in Fairton, New Jersey. At the time the petitioner filed his petition, however, he was an inmate at the D.C. Correctional Treatment Facility, where his custodian was Warden John Caulfield. Warden Caulfield is within this Court's jurisdiction and because the Court had jurisdiction over the petitioner's custodian when the petitioner filed his petition, this Court retains jurisdiction despite the petitioner's subsequent transfer. See Rumsfeld v. Padilla, 542 U.S. 426, 439 (2004) (if district court had jurisdiction over petitioner's custodian when petitioner filed petition, court maintains jurisdiction if petitioner thereafter is transferred to another jurisdiction); Stokes v. U.S. Parole Comm'n., 374 F.3d 1235, 1239 (D.C. Cir.) (same), cert. denied, 543 U.S. 975 (2004); Blair-Bey v. Quick, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (When a prisoner seeks to challenge parole-related decisions, the warden of the prison and not the U.S. Parole Commission is the prisoner's 'custodian'"). Nonetheless, the Court should strike the respondent named in the caption of the petitioner's writ, and substitute the Warden of FCI Fairton as the respondent to comply with the requirements of 28 U.S.C. § 2243 ("The writ or order to show cause shall be directed to the person having custody of the person detained").

While a parole violator warrant had been issued on February 23, 1994, it was not executed until August 14, 1996. <u>See</u> Exhibit C at p. 1 Accordingly, from November 30, 1993, the date of his arrest, to August 14, 1996, the petitioner was imprisoned only on his sentence in F12421-93 because the petitioner did not resume service of his F8566-89 sentence until the parole violator warrant was executed on August 14, 1996. <u>See</u> D.C. Code § 24-221.03 (a) ("shall be given credit . . . for time spent in custody. . . as a result of the offense for which the sentence was imposed"); 28 C.F.R. § 2.100(d)(1) ("The date the violation term commences is the date the Commission's warrant is executed. It shall be the policy of the Commission that the parolee's violation term. . . shall start to run only upon his release from the confinement portion of the sentence for the new offense. . ."); <u>Hill v. D.C. Board of Parole</u>, 766 A.2d 497, 499 (D.C. 2000) (if parole violator warrant not executed, incarceration on the new sentence did not count against prior D.C. sentence); <u>Ali v. District of Columbia</u>, 612 A.2d 228, 230 (D.C. 1992) (periods of pretrial incarceration may not be credited to sentence received for new offense if defendant was serving sentence in another case during that time period); <u>Tijerina v. Thornburgh</u>, 884 F.2d 861, 866 (5th Cir. 1989) (time served between arrest and execution of parole violator warrant counts only towards service of the second sentence, not towards the original sentence); <u>see also</u> <u>United States v. Luck</u>, 664 F.2d 311, 312 (D.C. Cir. 1981) (under similar federal provision, a federal prisoner cannot be given credit for time spent in state prison on an unrelated charge); <u>Bell v. D.C. Department of Corrections</u>, 403 A.2d 330, 332-33 (D.C. 1979) (same). Moreover, due process does not require the execution of a parole violator warrant while a parolee is serving a prison term for an offense committed while on parole. <u>See</u> <u>Moody v. Daggett</u>, 429 U.S. 78, 89 (1976); <u>Wells v. United States</u>, 802 A.2d 352, 354 (D.C. 2002); <u>Walker v. Henderson</u>, 912 F.Supp. 1, 3-4

(D.D.C. 1996); Bennett v. Bogan, 66 F.3d 812, 818 (6th Cir. 1995), cert. denied, 516 U.S. 1150

(1996); Bennett v. Ridley, 633 A.2d 824, 827, n.2 (D.C. 1993).

    Because the petitioner was not imprisoned on any other sentence at the time he was

sentenced in F12421-93, the language on the Judgment and Commitment Order that his sentence

was to be "concurrent" has no legal import. See Tijerina v. Thornburgh, supra, 884 F.2d at 864

(Commission has complete discretion over whether sentence for crime committed while on

parole should run consecutively or concurrently to the original unexpired sentence, even if the

sentencing court orders them to run concurrently); Heath v. U.S. Parole Commission, 788 F.2d

85, 92 (2nd Cir.) (Commission had authority to order parolee's unexpired federal term run

consecutively to his state sentence despite any intent on part of state court that the sentences run

concurrently), cert. denied, 479 U.S. 953 (1986); King v. U.S. Parole Commission, 744 F.2d

1449, 1451 (11th Cir. 1984) (a sentencing judge has no enforceable expectation, when sentencing

a parolee to a new sentence of imprisonment, that the Commission will not increase the parolee's

period of imprisonment by ordering a consecutive service of the parole violation terms); Lepera

v. United States, 587 F.2d 433, 435 n.1 (9th Cir. 1978) ("The District Court could not require the

parole violation sentence to run concurrently with the conspiracy sentence because the Parole

Board has the sole authority to decide when a parole violation warrant will be executed");

Sanchez v. Riggsby, 556 F.2d 1310, 1312 (5th Cir. 1977) (state court's sentence which required

state sentence to run concurrently with unexpired federal sentence could not override

Commission's authority to require sentences to run consecutively by not executing the parole

violator warrant); Tanner v. Moseley, 441 F.2d 122, 123 (8th Cir. 1971) (holding the Parole

Board had the authority to require the unexpired sentence to be served consecutive to the new

sentence, despite court order to run new sentence concurrently with unexpired original sentence); Tippitt v. Wood, 140 F.2d 689, 692 (D.C. Cir 1944) (court order that new sentence run concurrently with the parole violation term was not enforceable against the Commission). Thus, the petitioner is not entitled to sentence credit for the time he spent serving the sentence in F12421-93, from November 30, 1993 to August 14, 1996, towards his sentence in F8566-89.[3] Because the petitioner is not entitled to credit for the time he spent serving his sentence in F12421-93 or other intervening sentences, or the time he has spent on parole, the petitioner still owes 1316 days towards his F8566-89 sentence, resulting in a full-term sentence date of October 7, 2009. See Exhibit BB at pp. 3, 5.

## II.    Earning of Good Time Credits Does Not Reduce the Petitioner's Sentence or His Full Term Date

The petitioner further argues that his sentence has been reduced by the institutional good time credits that he has earned pursuant to the D.C. Good Time Credits Act of 1986, while serving his sentence. The petitioner's argument is without merit for the following reasons. By arguing that his good time credits should be applied to shorten his full-term date, the petitioner fundamentally misunderstands the function of these credits. It is well settled law that good time credits, such as those governed by the D.C. Good Time Credits Act of 1986, D.C. Code § 24-

---

[3]In addition to not receiving credit for time spent in custody on other convictions, the petitioner's full term sentence date has been extended because of his loss of time spent on parole after his parole was revoked. The petitioner has had his parole revoked on several occasions. The law is clear that, upon revocation of parole, none of the time that a prisoner has previously spent on parole in the past can be credited to the service of his sentence, and that street time is properly forfeited. See D.C. Code § 24-406(a) (when parole is revoked, none of the time spent under parole supervision will be credited toward the sentence); United States Parole Comm'n. v. Noble, 693 A.2d 1084, 1085 (D.C.1997), op. adopted, 711 A.2d 85 (D.C.1998) (en banc) (D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole).

201.29 (formerly § 24-428), do not reduce the full-term date of the sentence.[4]  Rather, they only affect a prisoner's parole or mandatory release date. Good time credits are "applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory."  D.C. Code § 24-201.29 (formerly § 24-428(b)).  Thus, these good time credits essentially affect either when a prisoner becomes eligible for release on parole or when he must be released on parole.

Moreover, it is clear, however, that once a prisoner is released on parole, good time credits do not apply to shorten his full-term date.  D.C. Code § 24-404 states:

> While on parole, a prisoner shall remain in the legal custody and under the control of the Attorney General of the United States or his authorized representative until the expiration of the maximum of the term or terms specified in his sentence without regard to good time allowance.

D.C. Code § 24-404 (emphasis added).

In addition, the U.S. Parole Commission has promulgated a regulation governing D.C. Code offenders which provides as follows:

> Any prisoner having served his or her term or terms less deduction for good time shall, upon release, be deemed to be released on parole until the expiration of the maximum term or terms for which he or she was sentenced, except that if the offense of conviction was committed before April 11, 1987, such expiration date shall be less one hundred eighty (180) days. Every provision of these rules relating to an individual on parole shall be deemed to include individuals on mandatory release.

28 C.F.R. § 2.87(b) (emphasis added). Thus, contrary to the petitioner's claim, his good time credits have no effect on the length of his sentence and do not shorten the sentence originally

---

[4]The Good Time Credits Act was repealed on August 20, 1994 but is applicable to the petitioner's conviction because the petitioner committed the offense on July 21, 1989, prior to the Act's repeal. See Exhibit O at p. 1 and Exhibit BB at p. 3.

imposed by the court.

The petitioner appears to further claim that he has served his sentence through the accumulation of his good time credits. Once again, the petitioner misunderstands the application of good time credits. If parole is revoked, the prisoner serves the balance of the original sentence less any good time credit "which may be earned by him <u>after</u> his return to custody." <u>See</u> D.C. Code § 24-406(a) (emphasis added).  Thus, the petitioner is not entitled to any good time credit earned prior to his last release on parole.

The Good Times Credits Act, now codified at D.C. Code § 24-201.29 (formerly § 24-428), provided that, upon a prisoner's initial incarceration, good time credits shall be calculated "solely on the basis of the maximum term of imprisonment."  However, where, as here, an order of parole has been revoked, § 24-201.29 yielded to D.C. Code § 24-406, which governs the computation of good time credits on the sentence remaining after the revocation of parole.  Section 24-406 dictates that a prisoner whose parole has been revoked must (unless subsequently re-paroled):

> serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him <u>after</u> <u>his return to custody</u>.  For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered a new sentence. (Emphasis added).

The plain language of the statute, therefore, requires that the good time credits for the petitioner's original sentence be calculated on the basis of the sentence remaining after the revocation of his parole, reduced only by institutional good time credit earned <u>after</u> his return to custody. Accordingly, the petitioner's good time credits previously earned were properly forfeited upon his prior parole revocations.

Moreover, there is an extensive body of case law that supports the forfeiture of the good

-10-

time credits in this case. Indeed, in <u>Jones v. Clemmer</u>, 163 F.2d 852 (D.C. Cir. 1947), the Court

of Appeals rejected the contention that a prisoner had achieved commutation of his sentence

through good time credits earned before and during parole, stating that "any right to

commutation" which the prisoner had previously earned (prior to revocation of his parole and

resumption of his sentence) "was forfeited by his violation of parole."  <u>Id</u>. at 853; <u>see also</u> <u>Bates</u>

<u>v. Rivers</u>, 323 F.2d 311, 312 (D.C. Cir. 1963) (citing <u>Jones</u>). Likewise, the Fourth Circuit Court

of Appeals, relying on District of Columbia law, has held that a prisoner's release based on good

time credits, "as in the case of parole, is conditioned on good behavior," and may be "forfeited

for breach of condition." <u>Hall v. Welch</u>, 185 F.2d 525, 526 (4th Cir. 1950) (citing <u>Bragg v. Huff</u>,

118 F.2d 1006 (4th Cir. 1941)). Moreover, in <u>U.S. Parole Commission v. Noble</u>, 693 A.2d 1084

(D.C. 1997), the D.C. Court of Appeals explicitly noted that the City Council had originally

included a provision in the Good Times Credits Act which stated that a revoked parolee would

not forfeit any good time credits earned prior to his revocation, but deleted this provision from

the final version of the bill, so that re-incarcerated parolees could earn good time credits solely

on the basis of the balance of the sentence after revocation of parole. <u>Id</u>. at 1091-92 & n.12; <u>see</u>

<u>also</u> <u>Teachey v. Carver</u>, 736 A.2d 998, 1006 n.12 (D.C. 1999) (noting that where defendant had

violated parole, he had "no valid claim for restoration of good time credits").

It also should be noted that federal courts have interpreted the analogous federal statutory

provisions, 18 U.S.C. § 4161 and 4165 (repealed effective November 1, 1987), in the same

manner.[5]  Indeed, in <u>Mock v. U.S. Board of Parole</u>, 345 F.2d 737, 738 (D.C. Cir. 1965), the

_____

[5] 18 U.S.C. § 4161 states that a "prisoner convicted of an offense against the United
States" and sentenced to a definite term of imprisonment other than life, "whose record shows
that he has faithfully observed all the rules and has not been subjected to punishment," is entitled

-11-

Court rejected the petitioner's contention that his good time credits under § 4161 could not be revoked because of a parole violation. This ruling is consistent with the rulings made by the other federal circuit courts that have considered the matter. See, e.g., Patterson v. Knowles, 162 F.3d 574, 576 (10th Cir. 1998) (petitioner not entitled to reduction in parole violator term based upon "the good time he accumulated prior to his release on parole"); Booth v. United States, 996 F.2d 1171, 1173 (11th Cir. 1993) (good time credits are "used up" upon release from parole and unavailable to reduce term received for parole violation); Boniface v. Carlson, 881 F.2d 669, 671 (9th Cir. 1989) (good time credits do not survive release upon parole and cannot be credited toward a parole violator's sentence); Miller v. Hadden, 811 F.2d 743, 744-46 (2nd Cir. 1987) (finding that the federal good time credit statute, 18 U.S.C. § 4161, provides that good time is not a vested right and that a prisoner's good time credits may be forfeited upon the revocation of parole); Culp v. Keohane, 822 F.2d 641, 642 (6th Cir. 1987) (holding that "[o]nce a prisoner's release is revoked because of his violation of parole conditions, the Parole Commission has the authority to forfeit good time credits"); Ray v. Brewer, 808 F.2d 19, 21-22 (7th Cir. 1986) (upholding the U.S. Parole Commission's regulation prohibiting use of pre-parole good time credits to be applied after parole is revoked); Swicegood v. U.S. Parole Commission, 755 F.2d 880, 881 (11th Cir. 1985) (holding the BOP's failure to timely aggregate prisoner's sentence, thereby causing him to lose good time credits, to be immaterial because prisoner "forfeited any

---

to five days' good time credit per month "if the sentence is not less than six months and not more than one year."

18 U.S.C. § 4165 provides that "[i]f during the term of imprisonment a prisoner commits any offense or violates the rules of the institution, all or any part of his earned good time may be forfeited."

good time credit for time served prior to [parole] revocation" when he violated the conditions of his parole); Davis v. Attorney General, 425 F.2d 238, 239-40 (5th Cir. 1970) (prisoner's 1,328 days of earned good time credit were properly forfeited when his mandatory release was revoked). Given that his parole has been revoked, the petitioner is not entitled to any of the good time credits earned prior to his latest parole revocation.

_____Accordingly, because the petitioner's good time credits did not reduce the maximum term of his sentence and were properly forfeited upon his revocations of parole, the petitioner's challenge to the calculation of his full-term sentence on this basis should be denied.

## <u>CONCLUSION</u>

In sum, given that good time credits do not reduce the maximum term of a sentence, given that good time credits and street time are properly forfeited upon revocation of parole, and given that the petitioner has been awarded all of the sentence credit to which he is entitled, the petitioner's challenge to the calculation of his full-term date is without merit and his petition for a writ of habeas corpus should be summarily denied.

_____A proposed order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

-13-

D.C. Bar Number 498-610

/s/ Robert D. Okun
_____
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078

/s/ Sherri L. Berthrong
_____
SHERRI L. BERTHRONG
Assistant United States Attorney
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the United States' Opposition  has been filed electronically with the Court and served by mail upon the petitioner, Andre Lyons, Fed. Reg. No. 07099-007, FCI Fairton, Federal Correctional Institution, P.O. Box 420, Fairton, New Jersey 08320, this 1st day of March, 2007.

/s/ Sherri L. Berthrong
_____
Sherri L. Berthrong
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ANDRE LYONS,** | : | |
| **Petitioner** | : | **Civil Action No. 06-2008 (GK)** |
| | : | |
| **v.** | : | |
| | : | |
| **CCA/CORRECTIONAL** | : | |
| **TREATMENT FACILITY,** | : | |
| **Respondent** | : | |

## ORDER

Upon consideration of the Petitioner's Petition for a Writ of Habeas Corpus, United

States' Opposition to the Petitioner's Petition for a Writ of Habeas Corpus, and for the reasons

stated in the United States' Opposition, it is hereby

**ORDERED** that the show cause order as to the United States is discharged, and that

Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**.

**SO ORDERED** this _____ day of _____, 2007.

_____
Gladys Kessler
U.S. District Court Judge

Copies to:

Andre Lyons
Fed. Reg. No. 07099-007
FCI Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, New Jersey 08320

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C.  20530

**EXHIBIT A**

&lt;SUMCODE-DCREVO_PRE&gt;
## D.C. REHEARING FOLLOWING D.C. REVOCATION PREHEARING ASSESSMENT

**Original Offense of Conviction - PWID Cocaine While Armed, Burglary II, Theft I, Poss Cocaine**

**Violation Offense Behavior - Failure to Report, PWID Cocaine**

| | | | |
|---|---|---|---|
| Name | :LYONS, Andre | Institution | :Greenville |
| Reg No | :00219+529 | Projected MR Date:1/1/05 | |
| Date of Birth: | ▮▮▮▮ | Full Term Date:2/4/08 | |
| Date Dictated:2/19/00 | | Fines/Restitution/Court Assessment:no | |
| | | Reviewer | :Thomas C. Kowalski |

**I.    PREVIOUS COMMISSION ACTION:**  The subject's history begins with a 1 year sentence for Possession of Cocaine on 11/3/86. He also had a 179 day consecutive sentence for attempted burglary to follow. On 4/10/87 parole was granted to consecutive sentence. It appears that he was released MR.

He was then sentenced on 4/10/91 to a 3 to 9 year term for burglary II with a 1 to 3 year consecutive term for Theft to follow. At his initial hearing on 2/18/93 he was granted parole through work release. He was actually released on 5/7/93 to the home of his sister. On 2/23/94 a warrant was issued for violations that included: Possession of cocaine and possession of a weapon. The warrant was lodged as a detainer.

The subject incurred a new conviction for PWID cocaine for which he was sentenced to 30 to 90 months. At his initial hearing on this sentence on 11/9/95 parole was denied and he was set for reconsideration on 4/15/96. At the rehearing on 8/14/96 parole was granted to the PV detainer.

On 12/6/96 the D.C. Parole Board revoked Mandatory parole and set a reconsideration for 8/14/97. On 7/11/97 the Board granted parole to supervision. He was actually released on 8/15/97. On 11/26/97 the Board issued an order to appear for a revocation hearing without prior detention. On 2/25/98 the Board ordered that the subject be maintained on parole supervision. Then on 6/29/98 the Board issued a detainer warrant based on criminal violations of parole (6/28/98 arrest for PWID cocaine). Subject received 180 days for this offense. Subject was taken into custody on the violator warrant on 2/19/99. On 6/30/99 the D.C. Parole Board revoked parole and set a reconsideration for 2/19/2000.

**II.    REVIEW OF CHARGES:**

**CHARGE NUMBER 1:**  Failure to Report on 3/3/98 and 5/19/98.
    Subject admits

LYONS.219                                                           Page 1 of



**CHARGE NUMBER 2:**   PWID Cocaine on 6/28/98.
         Subject admits and he received 180 day sentence.

On 6/28/98 police officers were approached by concerned citizens regarding a person selling drugs out of a green Nissan Altima. Police observed the subject described by the citizens sitting in the car. Police approached the car and notices that it was the same person who walked away from the vehicle when the police were in the are earlier. Police asked him to exit the vehicle and he refused. A struggle ensued in which a police officer injured his left wrist. He was eventually subdued and handcuffed. A search of the vehicle revealed 10 zip-lock bags containing a rock like substance and a marijuana cigarette. The police also found in his pocket a green zip-lock bag containing a weed substance and a piece of tin foil containing the same substance. Also recovered from the ground a small zip-lock bag containing a white substance and a larger bag containing a white substance. Police also found $120 in cash from his pocket.

**III.   COMMUNITY RESOURCES AND PAROLE RISK:** Subject has a considerable juvenile history for burglary and drugs and an adult history of similar illegal behavior. He has had numerous opportunities on probation which have been fruitless and a failure on parole. He represents a very poor risk.

**IV.   SALIENT FACTOR SCORE:**

A =   0     Subject has 15 or more prior conviction(s).

| | |
|---|---|
| 6/79 | Burglary I - probation |
| 6/80 | Burglary II - probation |
| 9/80 | Attempt Larceny - probation |
| 1/82 | Tamper with auto - Committed to DHS |
| 7/82 | PWID Marijuana - 2 yr committed to DHS |
| 12/82 | Destruction property - 1 yr committed to DHS |
| 4/83 | Destruction property - 2 yr committed to DHS |
| 1/84 | UUV - 2 yhr committed to DHS |
| 2/84 | Unlawful Entry - 2 yr committed to DHS |
| 10/85 | Burglary (MD) - 15 months |
| 10/85 | Burglary II - 90 days suspended - YRA probation |
| | Theft - 89 days suspended - YRA probation |
| 8/86 | PWID Cocaine - 1 year |
| 7/89 | Burglary II - 3-9 years |
| 6/94 | PWID Cocaine - 30 mos to 90 mos |

B =   0     Subject has more than 5 prior commitments of more than 30 days that were imposed prior to the last overt act of the current offense (see dispositions listed above).

C =   0     Subject was 30 years old at the commencement of the parole violation behavior. Subject has more than 5 prior commitments.

D =   0     Subject commenced violations 6/98. Date of last release: 8/97

 

E = 0     Subject is a parole violator

F = 0     Subject was not 41 years of age or more at the commencement of the current offense.

   0     **TOTAL SCORE**

**V.    RISK:** This man is a very poor risk. At still a young age, he has amassed a significant prior record of arrests, convictions, probation and parole violations.

**VI.EVALUATION:** The Parole Violation Behavior is rated as Category Three severity because it involved possession with intent to distribute less than a gram of crack cocaine. The reparole guideline range is 24-32 months.

It would appear that the subject has been in continuous custody since his arrest on 6/28/98. The Board issued their detainer warrant on 6/29/98 and the warrant was executed on 2/19/99. He therefore has credit for service of 20 months as of 2/28/200.

He was on parole for a drug sales conviction when he becomes involves and receives a conviction for a new drug sales offense. His record would support a decision above the guidelines.

TCK
February 19, 2000

## **EXHIBIT B**

PB-18
(Revised 10/82)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE
### Certificate-Adult-12617-93

## ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

Lyons, Andre _____ D.C.D.C. \_\_219-529\_\_ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on \_\_May 7,\_\_\_\_\_, 19\_93\_, and that said person remain under supervision within the limits of the \_\_Washington, Metro Area\_\_ (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until \_\_April 24, 2002\_\_, 19xx; unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and seal of the BOARD this \_\_18th,\_\_\_\_\_ day of \_\_February_____, 19\_93\_

The above-named was released on the \_\_\_\_ day of _____, 19\_\_\_

_____
Administrator

81—P5804

**EXHIBIT C**

## DISTRICT OF COLUMBIA BOARD OF PAROLE
### PAROLE DETERMINATION RECORD
### REVOCATION HEARING

RE: Lyons, Andre _____  219529 _____  321255 _____
     Subject's Name      DCDC#       PDID#

BIRTHDATE: ████████  BOP DOCKET #: H9611-0047 _____

LOCATION: CDF _____  CONSIDERATION DATE: 11/19/96

OFFENDER STATUS: ☒ Youth Act    ☒ Adult

PAROLE OFFICER: Daniel Rucker _____  UNIT: YAU _____

☒ Order to Appear--Issued: _____  Served: _____

☒ Warrant--Issued: 2/23/94 ___ Executed: 8/14/96 ___ Served: 11/5/96

ANALYST: Lawson _____  PREPARATION DATE: 11/14/96

HEARING OFFICIALS: Donald Streater _____

SUPERVISION REPRESENTATIVE: Charles Wade _____

ATTORNEY: _____

WITNESSES: _____

OTHERS PRESENT: _____

☐ HEARING NOT HELD, REASON: _____

    ☐ Reschedule By _____  ☐ Do Not Reschedule

OFFENSES ON WHICH CURRENT SENTENCE IS BASED: Burglary II  3/9 yrs

    Theft 1/3 yrs _____

_____

PENDING CASES: _____

_____

---

### POST HEARING QUALITY ASSURANCE

ANALYST: _____  DATE: _____

Subject's Name                                    DCDC#

|  | IF NOT REVOKED | IF REVOKED |
|---|---|---|
| FULL TERM DATE: | 4/24/2004 | 10/14/2004 |
| MANDATORY RELEASE DATE: | 5/15/98 | 8/22/2002 |

DATE ORIGINAL SENTENCE BEGAN:  4/10/91

PAROLE RELEASES THIS SENTENCE: 5/7/93

LAST PAROLE WAS: ☐ Mandatory    x Discretionary    ☐ Reparole

SPECIAL CONDITIONS:  none

DETAINERS OR CONSECUTIVE SENTENCES: PWID Cocaine  w/Armed

 F12421-93F  30/90 mos.  6/3/94

FACTS OF NEW CRIMINAL OFFENSES:  On 11/30/93 MPD responding to

info from informant observed client conducting illegal drug

transactions.  Client was stopped, after admitting posession of a

knife, MPD recoved a straight razor, marijuana and 42 plastic

bags of crack cocaine.

HO:  SUBJECT ADMITS TO THE ABOVE

ANALYSIS OF CRIMINAL HISTORY, SUBSTANCE ABUSE, MENTAL HEALTH
PROBLEMS, AND TREATMENT ATTEMPTS:

 Multi-drug abuser since early teens.  Lengthy arrest history

which began in 1985, continuing to date.  Crimes are either

property related or drug possession.

PDS.202 11/16/94                    2

RE: LYONS, ANGUS

HO: ~~SAME AT ABOVE~~

PERFORMANCE DURING LAST RELEASE ON PAROLE: Unemployed, verifiable residence. Twice arrest, positive urine.

HO: ~~SAME AS ABOVE~~

PERFORMANCE UNDER ANY PREVIOUS COMMUNITY SUPERVISION: Repeatedly arrested as a juvenile. FYCA probation revoked 12/96 due to rearrest.

### ANALYST'S REMARKS

Parole granted to BOP detainer 8/14/96    FTD 6/1/2001

PV expiration 10/14/2004

### SETOFF GUIDELINE RECOMMENDATIONS

**Noncriminal Violation**
    less than 5 yrs remain    within 6 mos.
    5 or more years remain    within 6-9 mos.
**Misdemeanor Charge or Conviction**
    less than 5 yrs remain    within 6-9 mos.
    5 or more years remain    within 9-15 mos.
**Felony Charge or Conviction**
    less than 5 yrs remain    within 9-15 mos.
    5 or more years remain    within 15-24 mos.

RE: Lyons, Andre
Subject's DOB                                     21952                    PDID#
                                                  DCDC#

## NATURE AND NUMBER OF VIOLATIONS ALLEGED

____  1.  Failure to report to Supervision immediately upon
          release.

____  2.  Travel without approval from Parole Officer.

____  3.  Visit to illegal establishment, including where
          alcoholic beverages are illegally sold, dispensed, or
          used.

_3_   4.  Illegal possession, use, sale, or purchase of any
          narcotic drug, controlled substance, or related
          paraphernalia, or visit to place where any such item is
          illegally sold, dispensed, used, or given away.

_1_   5.  Ownership, possession, use, sale, or control of any
          deadly weapon or firearm.

____  6.  Less than diligent efforts to find and maintain
          legitimate employment; support of self and legal
          dependents not commensurate with ability.

____  7.  Failure to keep Parole Officer informed of place of
          residence and work, or to notify of loss of employment
          or change in residence.

____  8.  Agreement to act as informer or agent for any law
          enforcement agency.

_2_   9.  Failure to obey laws, or to report at the earliest
          opportunity any arrest or other involvement with law
          enforcement officials.

____ 10.  Failure to cooperate with Board and Supervision, to
          carry out Parole Officer's instructions, or to report
          as directed, knowing that such failure may cause re-
          incarceration by the Board.

____ 11.  Failure to abide by special conditions:_____

_____

_6_       **TOTAL NUMBER OF ALLEGATIONS**


## REVIEW OF RIGHTS

☑  Subject was advised of procedural rights and understood
       them.
☑  Subject elected to proceed with hearing.
☐  Subject requested postponement of hearing.
☐  Subject waived hearing and completed Waiver of
   Revocation Hearing form.

PDS.202 11/16/94                    4

RE: Lyons, Andre                    #219529        321255
    Subject's                       DCDC#          PDID#

Allegation # 1 : Subject committed a ☐ noncriminal x criminal

violation of Parole Condition # 402 by the following

alleged conduct on or about 11/30 199 3 : Illegally possessed

CDS, Cocaine and Marijuana. Evidenced by his arrest and charge

of PWID Cocaine and Possession of Marijuana.

Evidence: x Police Report  ☐ Field Sheet  ☐ Other: _____

Case # F12421-93 _____    Status: 30-90 months  6/3/94

| Findings of Fact | Evidence |
|---|---|
| SUBJECT ILLEGALLY POSSESSED COCAINE & MARIJUANA - WAS ARRESTED - CONVICTED AND RECEIVED 30-90 MONTHS | - INFO FROM WALES - SYNOPSIS TESTIMONY |

CONCLUSION

☑ Parole Violation Sustained

☐ Parole Violation Not Sustained

☐ No Finding

RE: Lyons, Andre                                 219529            321255
        Subject's                               DCDC#             PDID#

Allegation #2 :  Subject committed a ☐ noncriminal x criminal

violation of Parole Condition #___901___ by the following

alleged conduct on or about_11/30_199_3_:_Client was arrested and

charged with UCSA, PWID Cocaine, Possesssion of Marijuana, CDW

Straight razor and APO; failing to obey all laws

_____

Evidence:  x Police Report  ☐ Field Sheet  x Other: Face Sheet

Case #_F12421-93F____        Status:__30 to 90 months 6/3/94__

| Findings of Fact | Evidence |
|---|---|
| SUBJECT WAS ARRESTED AND CHARGED W/ UCSA PWID COCAINE, POSSESSION OF MARIJUANA, CDW STRAIGHT RAZOR AND APO; FAILING TO OBEY ALL LAWS | - INFO FROM WALS<br>- SUBJECTS TESTIMONY |

CONCLUSION

☑  Parole Violation Sustained

☐   Parole Violation Not Sustained

☐   No Finding

PDS.202 11/16/94                    6

US PAROLE COMMISSION

RE: Lyons, Andre
        Subject's                                    219529          321255
                                            DCDC#            PDID#

## HEARING OFFICIAL'S RECOMMENDATION

DISPOSITION: Revoke parole for criminal violations.
Reconsider for reparole by 8/14/97

Disposition Codes: RK-02-71    ___ - ___ - ___

SPECIAL INSTRUCTIONS/CONDITIONS:

Code: 12    Attend NA

Code: 07    ~~Street~~ No DR's

Others: 05    Program Participation

Disposition is Inside Guidelines    ☑ Yes    ☐ No
Setoff is Inside Guidelines    ☑ Yes    ☐ No

COUNTERVAILING FACTOR CODES: ___ ___ ___ ___

STAFF FOLLOWUP ACTIONS: _____

BY: _D.I.A. Ste____    DATE: 11/19/96
        Hearing Official

CONCURRENCE: Based on examination of the relevant information in this case,
the Board concurs with the disposition recommended by the Hearing Official, and
hereby orders the issuance of the appropriate implementing documents.

Board Member: _D.I.A. Ste____    Date: 11/19/96

Board Member: _____    Date: 11/30/96

Board Member: _____    Date: 11/29/96

_Lawson 12/6/96_

### NONCONCURRENCE--See Attached Form BOP.902

☐ Erias Hyman        ☐ Donald Streeter        ☐ Polly Nelson

    Margaret Quick    ☐ Marcelino Cruces

**EXHIBIT D**

# The Board of Parole
## of the
# District of Columbia




## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 219-529          **NAME** ANDRE  LYONS

**DOB** ███████          **SSN** ███████          **LOCATION** ADULT PAROLE

**DOCKET** D9402-0060          **CONSIDERATION TYPE** N:RAV

The District of Columbia Board of Parole issues the following **ORDER:**

ISSUE A DETAINER WARRANT BASED ON ALLEGATIONS OF CRIMINAL
AND NONCRIMINAL VIOLATIONS OF PAROLE

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

ILLEG POSS CONTROL-DANGER SUBSTANCE
ILLEG USED CONTROL-DANGER SUBSTANCE
POSSESSED A DEADLY WEAPON
ILLEG POSS CONTROL-DANGER SUBSTANCE



3/02/94

02/23/1994
—————————
Date

*Erias Hittyman*
————————————————
Chairman
on behalf of the Board of Parole

Seal

NOA Date 3.3.94   by C Clayton

[ Parole Determination File ]
RUCKER, D

**EXHIBIT E**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

*MOD 88*

Case No. F 12421-93 /

vs.

PDID No. 321-255

*Andre Lyons*

*PSI attached !!*

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____

*Count "F" Possession With Intent to Distribute Cocaine While Armed*

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to *Count "F"*

*(30) thirty to (90) ninety months in jail, concurrent.*

*Drug treatment recommended at CTF.*

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.

☒ MANDATORY MINIMUM term does not apply. *＊Addict Exception Qualifie*

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

    ☐ Observe the general conditions of probation listed on the back of this order.

    ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

    ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

    _____

    ☐ Restitution of $_____ in monthly installments of $_____ beginning

    _____ (see reverse side for payment instructions). The Court

    will distribute monies to _____.

    ☐ _____

Costs in the aggregate amount of $ *20.00* have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

*6 — 3 —94*
Date

A TRUE COPY
TESTED FEB 20 2007

*Bruce D. Beaudin*
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

*6 — 3 —94*
Date

Clerk Superior Court of the
District of Columbia
By: _____
Deputy Clerk

*Dwight X. Estrell*
Deputy Clerk

**EXHIBIT F**




# The Board of Parole
### *of the*
# District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

DCDC 219-529               NAME  ANDRE  LYONS

DOB  ▮▮▮▮▮▮▮        SSN  ▮▮▮▮▮▮▮          LOCATION  COMPLEX

DOCKET  H9607-0067         CONSIDERATION TYPE  H:RECONSIDERAT

The District of Columbia Board of Parole issues the following **ORDER:**

GRANT PAROLE TO DETAINER ISSUED BY D.C. BOP

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

08/14/1996
_____
Date

Seal

Chairman
on behalf of the Board of Parole

NOA Date 9-11-96 by _____
M.J. Wms. 9·3·96

[ Parole Determination File ]

**<u>EXHIBIT G</u>**





## The Board of Parole

### of the

### District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 219-529                 **NAME** ANDRE  LYONS

**DOB** ████████         **SSN** ███████     **LOCATION** MINIMUM

**DOCKET** H9707-0002    **CONSIDERATION TYPE** H:REPAR CONSIDE

The District of Columbia Board of Parole issues the following **ORDER:**

GRANT REPAROLE TO SUPERVISION

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

7/16/97

07/11/1997
Date

Chairman
on behalf of the Board of Parole

Seal

NOA Date 7/16/97 by JHB

[ Parole Determination File ]

**EXHIBIT H**

**DOCKET #: 1998FEL004679**                    **DCTN #: 039804522**

| | |
|---|---|
| Defendant: LYONS, ANDRE | |
| aka: LYONS, ANDRE | B  M  5'09"  180 lbs |
| AUSA: MFITZPAT | Intake: RIP-PWID |
| Offense: on 06/28/1998 01:25 | at 2335 CHAMPLAIN ST NW |
| Arrest: on 06/28/1998 02:38 | at 2335 CHAMPLAIN ST NW |
| by Ofc.: S BROWN B-4347 | |
| Judge: WEISBERG, FREDERICK H | RIP Ofc.: BROWN on 06/09/1998 |
| | Defense: CLARK, KIMBERLY |

SSN: ███████
DOB: ███████

ARR#: 03-98-0█
PDID: 321-255█
FBI: 309102F█
CCN: 98-344-4█
Bond:

------------------------------------------------------------------------

## CASE SUMMARY

| EVENTS | Event | Date | Result |
|---|---|---|---|
| Last: | | | |
| Future: | | | |

RELEASE CONDITIONS/BOND

| | | | |
|---|---|---|---|
| SC Bond: | | Release Status: Lock Up | |
| Condition: | | Comments: | |
| Case Disp: Plea - Judgment Guilty | | Disp Dt: 02/17/1999 | Case File Dt: 06/29/1998 |

## CASE COUNTS

COUNT: 1 - UCSA POSS MARIJUANA - U089                    Judge:

| Enhancements | Attempts/Other | Weapons/Drugs |
|---|---|---|
| | | |

| | | | |
|---|---|---|---|
| File date: 06/28/1998 | Indictment Date: | Trial Type: | Phase: CRT |
| Disposition: | | Disposition Date: | |

| CONFINEMENT  Type: | Min: | Max: |
|---|---|---|
| Sentenced: | | Suspended: |

| SUPERVISED RELEASE: | Suspended? No |
|---|---|

| COMMUNITY SERVICES/FINES | Svc Hrs: | Restitution Amt: 0 | Fine Amt: 0 |
|---|---|---|---|

| PROBATION  Type: | Reinstmnt Dt: | Revoctn Dt: |
|---|---|---|
| Cond. of Prob: | | |

Case Inquiry Screen
02/26/2007

**DOCKET #: 1998FEL004679**            **DCTN #: 039804522**

Defendant: LYONS, ANDRE                                                          SSN: ▉▉▉▉▉        ARR#: 03-98-0▉
     aka: LYONS, ANDRE                                                           DOB: ▉▉▉▉▉        PDID: 321-255▉
    AUSA: MFITZPAT                          B  M  5'09"   180 lbs                                  FBI: 309102E▉
 Offense: on 06/28/1998 01:25                 Intake: RIP-PWID                                    CCN: 98-344-▉
  Arrest: on 06/28/1998 02:38             at 2335 CHAMPLAIN ST NW                                Bond:
                                          at 2335 CHAMPLAIN ST NW
 by Ofc.: S BROWN B-4347
   Judge: WEISBERG,FREDERICK H                RIP Ofc.: BROWN on 06/09/1998
                                            Defense: CLARK,KIMBERLY

---------------------------------------------------------------------------------

## CASE SUMMARY

EVENTS   Event                                    Date            Result
  Last: ▉▉▉▉▉                              ▉▉▉▉▉          ▉▉▉▉▉
Future: ▉▉▉▉▉                              ▉▉▉▉▉

RELEASE CONDITIONS/BOND

SC Bond: ▉▉▉▉▉                    Release Status: Lock Up
Condition: ▉▉▉▉▉                        Comments: ▉▉▉▉▉
Case Disp: Plea - Judgment Guilty          Disp Dt: 02/17/1999    Case File Dt: 06/29/1998

---------------------------------------------------------------------------------

## CASE COUNTS

COUNT: 2 - APO - U910 ▉▉▉▉▉                                        Judge: ▉▉▉▉▉

  Enhancements                   Attempts/Other              Weapons/Drugs


     File date: 06/28/1998       Indictment Date: ▉▉▉▉    Trial Type: ▉▉▉▉    Phase: CRT
   Disposition: ▉▉▉▉▉                             Disposition Date: ▉▉▉▉▉
CONFINEMENT   Type: ▉▉▉▉▉              Min: ▉▉▉▉         Max: ▉▉▉▉▉
        Sentenced: ▉▉▉▉▉                          Suspended: ▉▉▉▉▉
SUPERVISED RELEASE: ▉▉▉▉▉            Suspended? No
COMMUNITY SERVICES/FINES             Svc Hrs: ▉▉    Restitution Amt: 0      Fine Amt: 0
PROBATION   Type: ▉▉▉▉▉                     Reinstmnt Dt: ▉▉▉▉     Revoctn Dt: ▉▉▉▉
     Cond. of Prob: ▉▉▉▉▉

**DOCKET #:1998FEL004679**    **DCTN #:039804522**

Defendant: LYONS, ANDRE

aka: LYONS, ANDRE

AUSA: MFITZPAT

Offense: on 06/28/1998 01:25

Arrest: on 06/28/1998 02:38

by Ofc: S BROWN B-4347

Judge: WEISBERG, FREDERICK H

B  M  5'09"  180 lbs

Intake: RIP-PWID

at 2335 CHAMPLAIN ST NW

at 2335 CHAMPLAIN ST NW

RIP Ofc.: BROWN on 06/09/1998

Defense: CLARK, KIMBERLY

SSN: ▮▮▮▮▮

DOB: ▮▮▮▮▮

ARR#: 03-98-▮▮

PDID: 321-255▮

FBI: 309102E▮

CCN: 98-344▮▮

Bond:

----------------------------------------------------------------------

## CASE SUMMARY

EVENTS    Event                              Date        Result

Last: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮    ▮▮▮▮▮    ▮▮▮▮▮▮▮▮▮▮

Future: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

RELEASE CONDITIONS/BOND

SC Bond: ▮▮▮▮    Release Status: Lock Up

Condition: ▮▮▮▮▮▮▮▮    Comments: ▮▮▮▮▮▮▮▮

Case Disp: Plea - Judgment Guilty    Disp Dt: 02/17/1999    Case File Dt: 06/29/1998

## CASE COUNTS

COUNT: 3 - UCSA P W/I D COCAINE - U840    Judge: ▮▮▮▮

| Enhancements | Attempts/Other | Weapons/Drugs |
|---|---|---|
| | | |

File date: 06/28/1998    Indictment Date: ▮▮▮    Trial Type: ▮▮▮    Phase: CRT

Disposition: ▮▮▮▮▮    Disposition Date: ▮▮▮▮

CONFINEMENT    Type: ▮▮▮▮    Min: ▮▮▮    Max: ▮▮▮

Sentenced: ▮▮▮▮    Suspended: ▮▮▮

SUPERVISED RELEASE: ▮▮▮▮    Suspended? No

COMMUNITY SERVICES/FINES    Svc Hrs: ▮▮▮    Restitution Amt: 0    Fine Amt: 0

PROBATION    Type: ▮▮▮▮    Reinstmnt Dt: ▮▮▮    Revoctn Dt: ▮▮▮

Cond. of Prob: ▮▮▮▮

**Case Inquiry Screen**
02/26/2007

**DOCKET #: 1998FEL004679**          **DCTN #: 039804522**

Defendant: LYONS, ANDRE
      aka: LYONS, ANDRE                    B  M  5'09"   180 lbs
     AUSA: MFITZPAT                   Intake: RIP-PWID
  Offense: on 06/28/1998 01:25     at  2335 CHAMPLAIN ST NW
   Arrest: on 06/28/1998 02:38     at  2335 CHAMPLAIN ST NW
 by Ofc.: S BROWN B-4347             RIP Ofc.: BROWN on 06/09/1998
    Judge: WEISBERG, FREDERICK H     Defense: CLARK, KIMBERLY

SSN:
DOB:

ARR#: 03-98-0■
PDID: 321-255■
FBI: 309102E■
CCN: 98-344-4■
Bond:

--------------------------------------------------------------------------------
### CASE SUMMARY

EVENTS    Event                              Date              Result
  Last:
Future:

RELEASE CONDITIONS/BOND
 SC Bond:                        Release Status: Lock Up
Condition:                             Comments:
Case Disp: Plea - Judgment Guilty       Disp Dt: 02/17/1999     Case File Dt: 06/29/1998

--------------------------------------------------------------------------------
### CASE COUNTS

COUNT: 4 - UCSA P W/I D COCAINE - 2840                      Judge: WEISBERG, FREDERICK

 Enhancements                    Attempts/Other              Weapons/Drugs


   File date: 07/15/1998      Indictment Date: 07/15/1998   Trial Type:              Phase: CRT
 Disposition: Plea to Lesser Included Offense       Disposition Date: 02/17/1999

CONFINEMENT  Type:                       Min:               Max:
   Sentenced:                                          Suspended:

SUPERVISED RELEASE:                  Suspended? No

COMMUNITY SERVICES/FINES          Svc Hrs:      Restitution Amt: 0           Fine Amt: 0

PROBATION  Type:                         Reinstmnt Dt:            Revoctn Dt:
   Cond. of Prob:

Page  4  of  7

**DOCKET #: 1998FEL004679**          **DCTN #: 039804522**

Defendant: LYONS, ANDRE                                    SSN: ████████          ARR#: 03-98-0█
      aka: LYONS, ANDRE          B  M  5'09"  180 lbs      DOB: ████████          PDID: 321-255█
     AUSA: MFITZPAT              Intake: RIP-PWID                                 FBI: 309102E█
  Offense: on 06/28/1998 01:25  at  2335 CHAMPLAIN ST NW                         CCN: 98-344-█
   Arrest: on 06/28/1998 02:38  at  2335 CHAMPLAIN ST NW                         Bond:
  by Ofc.: S BROWN B-4347                  RIP Ofc.: BROWN on 06/09/1998
    Judge: WEISBERG, FREDERICK H           Defense: CLARK, KIMBERLY

----------------------------------------------------------------------------------------

## CASE SUMMARY

EVENTS     **Event**                              **Date**          **Result**
    Last: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓       ▓▓▓▓▓▓▓▓▓▓    ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
  Future: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓       ▓▓▓▓▓▓▓▓▓▓

RELEASE CONDITIONS/BOND
  SC Bond: ▓▓▓▓▓▓▓              Release Status: Lock Up
Condition: ▓▓▓▓▓▓▓▓▓▓▓▓▓            Comments: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
Case Disp: Plea - Judgment Guilty   Disp Dt: 02/17/1999    Case File Dt: 06/29/1998

----------------------------------------------------------------------------------------

## CASE COUNTS

COUNT: 5 - UCSA POSS MARIJUANA - 2089 ▓▓▓▓▓▓▓▓▓▓▓▓▓     Judge: WEISBERG, FREDERICK

  Enhancements                     Attempts/Other              Weapons/Drugs




    File date: 07/15/1998   Indictment Date: 07/15/1998   Trial Type: ▓▓▓▓▓▓▓   Phase: CRT
  Disposition: Found Guilty - Plea ▓▓▓▓▓▓      Disposition Date: 02/17/1999
CONFINEMENT   Type: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓       Min: ▓▓▓▓▓▓▓       Max: ▓▓▓▓▓▓▓
       Sentenced: 180 Days                            Suspended: ▓▓▓▓▓▓▓
SUPERVISED RELEASE: ▓▓▓▓▓▓▓▓▓       Suspended? No
COMMUNITY SERVICES/FINES        Svc Hrs: ▓▓▓▓   Restitution Amt: 0   Fine Amt: 0
PROBATION   Type: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓        Reinstmnt Dt: ▓▓▓▓▓   Revoctn Dt: ▓▓▓▓▓
     Cond. of Prob: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Case Inquiry Screen
02/26/2007

**DOCKET #:1998FEL004679**          **DCTN #:039804522**

Defendant: LYONS,ANDRE                                                    SSN: ███████          ARR#: 03-98-0█
    aka: LYONS, ANDRE                B M 5'09"  180 lbs      DOB: ███████          PDID: 321-255█
   AUSA: MFITZPAT                Intake: RIP-PWID                              FBI: 309102E█
Offense: on 06/28/1998 01:25      at 2335 CHAMPLAIN ST NW                            CCN: 98-344-█
Arrest: on 06/28/1998 02:38      at 2335 CHAMPLAIN ST NW                            Bond:
by Ofc.: S BROWN B-4347
Judge: WEISBERG,FREDERICK H       RIP Ofc.: BROWN on 06/09/1998
                       Defense: CLARK,KIMBERLY

--------------------------------------------------------------------------------

### CASE SUMMARY

EVENTS     Event                       Date          Result
   Last: ████████████████████      ████████      ████████████████
 Future: ████████████████████

RELEASE CONDITIONS/BOND

SC Bond: ████████      Release Status: Lock Up
Condition: ████████████████      Comments: ████████████████████
Case Disp: Plea - Judgment Guilty      Disp Dt: 02/17/1999      Case File Dt: 06/29/1998

--------------------------------------------------------------------------------

### CASE COUNTS

COUNT: 6 - APO - 2910 ████████████████████████      Judge: WEISBERG, FREDERICK

Enhancements                Attempts/Other                Weapons/Drugs

File date: 07/15/1998      Indictment Date: 07/15/1998      Trial Type: ████████      Phase: CRT
Disposition: Dismissed ████████████████      Disposition Date: 02/17/1999

CONFINEMENT  Type: ████████████████      Min: ████      Max: ████████████
      Sentenced: ████████████████      Suspended: ████████████

SUPERVISED RELEASE: ████████████████████      Suspended? No

COMMUNITY SERVICES/FINES      Svc Hrs: ████      Restitution Amt: 0      Fine Amt: 0

PROBATION  Type: ████████████████████      Reinstmnt Dt: ████████      Revoctn Dt: ████████
  Cond. of Prob: ████████████████████

Case Inquiry Screen
02/26/2007

**DOCKET #: 1998FEL004679**          **DCTN #: 039804522**

Defendant: LYONS,ANDRE

    aka: LYONS, ANDRE                    B  M  5'09"   180 lbs

    AUSA: MFITZPAT                       Intake: RIP-PWID

 Offense: on 06/28/1998 01:25    at 2335 CHAMPLAIN ST NW

  Arrest: on 06/28/1998 02:38    at 2335 CHAMPLAIN ST NW

 by Ofc.: S BROWN B-4347              RIP Ofc.: BROWN on 06/09/1998

    Judge: WEISBERG, FREDERICK H        Defense: CLARK, KIMBERLY

SSN: ██████

DOB: ██████

ARR#: 03-98-0█

PDID: 321-255█

FBI: 309102F█

CCN: 98-344-█

Bond:

-------------------------------------------------------------------------------

## CASE SUMMARY

EVENTS  Event                              Date          Result

  Last: ██████████████████████    ██████████   ████████████████

Future: ██████████████████████

RELEASE CONDITIONS/BOND

SC Bond: ████████        Release Status: Lock Up

Condition: ████████      Comments: ████████████████████

Case Disp: Plea - Judgment Guilty     Disp Dt: 02/17/1999    Case File Dt: 06/29/1998

-------------------------------------------------------------------------------

## CASE COUNTS

COUNT: 7 - UCSA POSS COCAINE - 2086          Judge: WEISBERG, FREDERICK

| Enhancements | Attempts/Other | Weapons/Drugs |
|---|---|---|
|  |  |  |

      File date: 02/17/1999    Indictment Date: 02/17/1999    Trial Type: ████████    Phase: CRT

   Disposition: Found Guilty - Plea              Disposition Date: 02/17/1999

CONFINEMENT   Type: ████████        Min: ████        Max: ████

      Sentenced: 180 Days                    Suspended: ████

SUPERVISED RELEASE: ████████        Suspended? No

COMMUNITY SERVICES/FINES          Svc Hrs: ████    Restitution Amt: 0    Fine Amt: 0

PROBATION   Type: ████████            Reinstmnt Dt: ████    Revoctn Dt: ████

      Cond. of Prob: ████████████████

# EXHIBIT I





# The Board of Parole
## of the
## District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 219-529                **NAME** ANDRE  LYONS

**DCB** ▮▮▮▮▮▮                **SSN** ▮▮▮▮▮▮      **LOCATION** D.C. JAIL

**DOCKET** D9806-0104        **CONSIDERATION TYPE** N:RAV

The District of Columbia Board of Parole issues the following  **ORDER:**

>   ISSUE A DETAINER WARRANT BASED ON ALLEGATIONS OF CRIMINAL
>   VIOLATION(S) OF PAROLE

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

>   ILLEG POSS CONTROL-DANGER SUBSTANCE
>   ILLEG SOLD CONTROL-DANGER SUBSTANCE
>   FAILED TO OBEY ALL LAWS

06/29/1998

Date



A TRUE COPY
TEST

Seal

Director, Michael Green
Parole Determination
D.C. Board of Parole

*Margaret Quick* - 1

Chairman
on behalf of the Board of Parole

[ Suspense ]
AGUBOKWU, V

# EXHIBIT J




# The Board of Parole
### *of the*
# District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

DCDC 219-529                    NAME  ANDRE  LYONS

DOB ███████                     SSN ████████            LOCATION  COMPLEX

DOCKET  H9906-0030             CONSIDERATION TYPE  H:REVOCATION

The District of Columbia Board of Parole issues the following  **ORDER:**

REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATIONS;
CONSIDER FOR REPAROLE BY 02/19/2000

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

INTENSIVE DRUG PROGRAM

Remarks:

FAILED TO CARRY OUT PO INSTRUCTIONS
FAILED TO REPORT AS DIRECTED
ILLEG POSS CONTROL-DANGER SUBSTANCE
ILLEG SOLD CONTROL-DANGER SUBSTANCE
FAILED TO OBEY ALL LAWS



06/30/1999
_____
Date                           Seal

                                         Chairman
                                 on behalf of the Board of Parole

                                        [ Suspense ]
                                        BRIGHT, R

**EXHIBIT K**

US PAROLE COMMISSION

U.S. Department of Justice

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Notice of Action

Name: LYONS, Andre

Institution: Raleigh CCM
Greensville Correctional Facility

Register Number: 07099-007

DCDC No.: 219-529

In the case of the above-named, the following parole action was ordered:

Continue to a presumptive parole after the service of 32 months February 26, 2001 with release through a CCC recommended prior to the parole date, and with the highest level of supervision. In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

A presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. Prior to release, your case will be subject to review to ascertain that these conditions have been fulfilled. **NOTE:** Pursuant to 28 C.F.R. §2.14-03, the Commission has issued a presumptive parole date in your case. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

**REASONS**:

Your parole violation behavior is rated as Category Three severity because it involved possession with intent to distribute less than 1 gram of crack cocaine. Your salient factor score (SFS-98) is 1. You have been in confinement as a result of your behavior for a total of 21 months as of March 27, 2000. Guidelines established by the Commission for revocation behavior indicate a customary range of 24-32 months to be served for cases with a good institutional adjustment and program achievement. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

Date: April 24, 2000

Clerk: adg

Page 1 of 3

LYONS.709

 

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

See the attached sheet for your individual item points and explanation for the Salient Factor Score.

cc:     D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W.
        Suite 2134
        Washington, D.C.  20001

Date: April 24, 2000                                    Clerk: adc

Four Pts   Item Explanation   SALIENT FACTOR SCORE

0 .... **A - Prior convictions/adjudications (adult or juvenile)**
None = 3; One = 2; Two or three = 1; Four or more = 0

0 .... **B - Prior commitments of more than thirty days (adult or juvenile)**
None = 2; One or two = 1; Three or more = 0

1 .... **C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile)**

0 .... **D - Recent commitment free period (three years)**
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0 .... **E - Probation/parole/confinement/escape status violator this time**
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0 .... **F - Older offenders**
If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

| Points For SFS Item C | | |
|---|---|---|
| Age | Prior Commitments | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

**Date: April 24, 2000**

**Clerk: adc**

**Page 3 of 3**

**LYONS.709**

**EXHIBIT L**



**U.S. Department of Justice**
**United States Parole Commission**

## CERTIFICATE OF PAROLE
### District of Columbia Offender

**Know All Men By These Presents:**

It having been made to appear to the United States Parole Commission that LYONS, Andre, Reg. No. 07099-007, (DCDC No. 219-529), is eligible to be paroled, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on February 26, 2001, and that said prisoner is to reside within the District of Columbia and to remain within the limits of the Washington, D.C. Metropolitan Area (including the District of Columbia, Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) until and including February 2, 2007.

Given under the hands and the seal of the United States Parole Commission on February 22, 2001.

UNITED STATES PAROLE COMMISSION

*Mary Jo Williams*

By: Mary Jo Williams, Case Analyst

Docket/Case Number: F-8566-98FAC and 03-4127SE
Initial Risk Category: SFS =1 (Poor)
**Acknowledgement of Release Conditions:**
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

*Mr. Andre Lyons*                          07099-007
_____Name_____                    DCDC No.

Witnessed: *Beverly P. Okoh, Vocational Counselor*   2/26/01
_____Name and Title_____           _____Date_____

The above-named person was released on the 26th day of February, 2001 with a total of 2167 days remaining to be served.

*James E. Williams, Associate Director*
**Official Certifying Release**

This CERTIFICATE will become effective on the day of release indicated above. If the releasee fails to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant and reimprisoned pending a hearing to determine if the release should be revoked.

## CONDITIONS OF RELEASE

1. You shall go directly to the District of Columbia (unless released to the custody of other authorities) and immediately report in-person to the Parole Supervision Services Division of the District of Columbia Board of Parole (300 Indiana Avenue, NW, Suite 2134, Washington, DC 20001.)

2. If you are released to the custody of other authorities, immediately after your release from the custody of such authorities, you shall report in person to the Parole Supervision Services Division at the above address. If you are released to the community by an institution more than fifty miles from the District of Columbia, you shall report in person to the Parole Supervision Services Division within three days.

3. You shall not leave the geographic limits fixed by the certificate of release without written permission from your Supervision Officer.

4. You will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed, or used.

5. You shall make a complete and truthful written report (on a form provided for that purpose) to your Supervision Officer between the first and third day of each month and on the final day of parole. You shall also report to your Supervision Officer at other times as your Supervision Officer directs, providing complete and truthful information.

6. You shall not violate any law. You shall not associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Supervision Officer if you are arrested or questioned by a law-enforcement officer.

7. You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency without permission from your Supervision Officer.

8. You shall work regularly unless excused by your Supervision Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Supervision Officer any changes in employment. You shall notify your Supervision Officer within 2 days of any change in your place of residence.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, sell, manufacture, use, or distribute any controlled substance or drug paraphernalia unless such usage is pursuant to a lawful order of a practitioner and you promptly notify your Supervision Officer of same. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not own, possess, use, sell, or have under your control any firearm, ammunition, or other dangerous weapons.

11. You shall permit confiscation by your Supervision Officer of any materials which your Supervision Officer believes may constitute contraband in your possession and which your Supervision Officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.

12. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Supervision Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Supervision Officer in establishing an installment payment schedule.

13. You shall be screened for the presence of controlled substances by appropriate tests as may be required by the Board of Parole or the Supervision Officer.

14. You shall cooperate fully with the Board of Parole and those responsible for your supervision. You shall carry out the instructions of your Supervision Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause your return to the institution.

15. You shall submit to the sanctions imposed by your Supervision Officer (within the limits established by the approved Schedule of Accountability Through Graduated Sanctions), if the Supervision Officer finds that you have tested positive for illegal drugs or that you have committed any non-criminal violation of the release conditions. Graduated sanctions may include community service, curfew with electronic monitoring, and/or a period of time in a community treatment center. Your failure to cooperate with a graduated sanction imposed by your Supervision Officer will subject you to the issuance of a summons or warrant by the Commission, and a revocation hearing at which you will be afforded the opportunity to contest the violation charge(s) upon which the sanction was based. If the Commission finds that you have violated parole as alleged, you will also be found to have violated this condition. In addition, the

Commission may override the imposition of a graduated sanction at any time and issue a warrant or summons if it finds that you are a risk to the public safety or that you are not complying with this condition in good faith.

16. If you have been convicted of any sexual offense under District of Columbia or federal law (including the Uniform Code of Military Justice), you must report for registration with your state sex offender registration agency as directed by your U.S. Probation Officer. You are required to report for registration in any state in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with applicable state law that applies to current or prior federal, state, or local convictions for sexual offenses. In addition, 42 U.S.C. § 14072(i) makes it a federal crime for any offender covered by 18 U.S.C. §4042 to fail to register in accordance with state law. If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your U.S. Probation Officer.

You shall also abide by the special condition(s) as indicated below :

- You shall be subject to the Special Drug Aftercare Condition. You shall participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

Information concerning a releasee under the supervision of the Parole Supervision Services Division may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.

# EXHIBIT M

# U.S. DEPARTMENT OF JUSTICE
### UNITED STATES PAROLE COMMISSION

# WARRANT APPLICATION
D.C. Code Offender

| | |
|---|---|
| Case Of .................... **Lyons, Andre** | Date .................................... **November 28, 2001** |
| Reg. No .................... **07099-007** | Termination of Supervision Date ......... **February 2, 2007** |
| DCDC No. .................... **219-529** | [If Conviction Offense Before April 11, 1987 and |
| FBI No .................... **309 102 EA7** | Offender Is On Mandatory Release, Termination |
| Birth Date .................... | Date Is 180 days Prior To Full Term] |
| Race .................... **Black** | Violation Date ........................ **June 19, 2001** |
| | Released .................................... **February 26, 2001** |

Sentence Length ............. **12 years (Aggregate - Original); 2,907 days (PV Term)**

Original Offense ............. **Burglary II and Theft I**

You shall, unless you have been convicted of a new offense, be given a preliminary interview to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be appointed for you if you fill out and promptly return a request for representation to the interviewing officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole or mandatory release, you will not receive credit toward service of your sentence for time spent on parole/mandatory release.

## CHARGES:

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.** On or about the following dates, subject submitted urine specimens which tested positive for the drugs specified:

| | |
|---|---|
| 6/19/01 - Cocaine | 9/06/01 - Cocaine, Opiates and Marijuana |
| 6/28/01 - Opiates | 9/25/01 - Opiates |
| 7/12/01 - Opiates | 9/27/01 - Opiates |
| 7/26/01 - Opiates | 10/19/01 - Opiates |
| 8/16/01 - Cocaine and Opiates | 10/25/01 - Cocaine and Opiates |
| 8/23/01 - Opiates | 10/30/01 - Opiates |

This charge is based on information contained in the letter dated 11/1/01 from CSO Michelle Dunwoody and lab report(s).

I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 2 - Law Violation: A) Possession With Intent to Distribute Cocaine; B) Possession of Heroin; C) Possession of Cocaine.** On or about 10/30/01, subject was arrested by the *Metropolitan Police Department (Washington, D.C.)* for the offenses cited above in <u>Count A</u> and <u>Count B</u> which occurred on or about the same date. Officers on routine patrol in an unmarked police vehicle observed subject and another individual seated in a vehicle that was partially blocking the entrance to an alley. As the officers pulled up next to the vehicle, subject was observed pouring something into his right hand. Officer Adcock exited the police vehicle to investigate the suspicious activity. Officer Adcock observed subject place his left hand toward the floor of the vehicle. Subject was asked to exit the vehicle, at which time Officer Adcock looked directly in the area that subject was observed placing his left hand. A pill bottle with 30 blue ziplocks containing a white rock-like substance was recovered from the floor of the vehicle. A portion of the substance field tested positive for cocaine. A search of subject incident to the arrest revealed him to be in possession of a ziplock containing white powder, a portion of which field tested positive for heroin. Subject was released from custody and is scheduled to appear in the *Superior Court of the District of Columbia* on 12/3/01 in case *#F-6841-01.* Information contained in the *Metropolitan Police Department Arrest Report (PD 163)* dated 10/30/01. This charge is based on information contained in the letter dated 11/1/01 from CSO Michelle Dunwoody.

A) I ADMIT [ ] or DENY [ ] this charge.
B) I ADMIT [ ] or DENY [ ] this charge.
C) I ADMIT [ ] or DENY [ ] this charge.

**Preliminary Interview Is Required** .

Warrant Recommended By:

Warrant Issued.................................November 28, 2001

Mary Jo Williams, Case Analyst
U.S. Parole Commission

Community Supervision Office Requesting Warrant..General Supervision Unit VI - Team I (1230 Taylor Street)
( ) Commission     ( ) Inmate     ( ) Institution     ( ) CSOSA     ( ) Interviewing Officer     ( ) Chron

**Andre Lyons**
**Warrant Application**
**Page 1 of 1**

**EXHIBIT N**

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Lyons, Andre, Reg. No. 07099-007, (DCDC No. 219-529), was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 12 years (Aggregate - Original); 2,907 days (PV Term) for the crime of Burglary II and Theft I and was on February 26, 2001 released on parole from Shaw Residence I with 2,167 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205 and 24-1231 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on November 28, 2001.

_John R. Simpson_
U.S. Parole Commissioner

**EXHIBIT O**



## Local Revocation  Prehearing Assessment

**Original Offense of Conviction:**  BURGLARY 2ND DEGREE, THEFT 1ST DEGREE, POSSESSING WITH THE INTENT TO DISTRIBUTE COCAINE WHILE ARMED

**Violation Behavior:**  USED DRUGS, POSSESSED WITH THE INTENT TO DISTRIBUTE COCAINE, POSSESSING HEROIN, POSSESSING COCAINE

**Location of the Local Revocation:** District of Columbia

**Jurisdiction:** DC          DCDC Number: 219+529          PDID Number: 321-255

| | | | |
|---|---|---|---|
| Name...................: | Lyons, Andre | MR Date.................................: | |
| Reg. No...............: | 07099-007 | Full Term Date.........................: | |
| Birth Date............: | ████████ | Date of Preliminary Interview......: | 01/18/2002 |
| Examiner.............: | Sicoli, John F. | Days since Preliminary Interview..: | 17 |
| Prehearing Date.....: | 02/04/2002 | Date Probable Cause Determination | 01/18/2002 |
| Sentence Type......: | Adult | Deadline for Revocation Hearing...: | 03/17/2002 |
| Sentence Length....: | 0 years 0 months 0 days | Fines/Court Assessment...............: | $0 |

Detainer:  None.

Additional Text:
On 02/26/01 the USPC paroled Mr. Lyons who, at the time, owed 2907 days on his original instant sentences.
The US Marshal executed the USPC's parole violator's warrant on 11/28/01.
Mr. Lyons is exposed to about 97 month's custody to his new full-term date.  His new full-term date is around 12/09.

**Previous Parole Action:**   On 07/21/89 Mr. Lyons entered a residence via a basement window and stole video cassette recorders, a bicycle, cameras and money from the residence.
Effective 04/24/90, via F-8566-89, the court sentenced Mr. Lyons to 09 years for Burglary 2nd Degree and to 03 years consecutive for Theft 1st Degree.

The DCPB mandatorily paroled Mr. Lyons on 05/07/93.

On 11/30/93 Mr. Lyons was selling cocaine.  Police recovered 42 bags of cocaine, a straight razor and some marijuana on his person.  He resisted arrest by kicking an officer and trying to bite another officer.
Effective 12/01/93, via F-12421-93, the court sentenced him to 90 months for Possessing With the Intent to Distribute Cocaine While Armed.

On 11/29/96 the DCPB revoked Mr. Lyons' mandatory parole.

The DCPB paroled Mr. Lyons on 08/15/97.

On 10/22/97 authorities charged Mr. Lyons with Possessing Cocaine.
Via M-15996-97 authorities no papered this charge.


On 06/28/98, at 12:30 a.m., a citizen alerted police that Mr. Lyons was selling drugs. At 01:20 a.m. police saw Mr. Lyons sitting in a vehicle and holding an open bottle of beer. He refused to exit the vehicle. An officer hurt his hand during the struggle to extricate Mr. Lyons from the vehicle.

Police discovered 10 ziplock bags of crack cocaine, additional crack cocaine, some marijuana and a marijuana cigarette in the vehicle.

Via F-4679-98 the court sentenced Mr. Lyons to 180 days for Possessing With the Intent to Distribute Cocaine, Possessing Cannabis and Assaulting a Police Officer.

On 06/30/99 the DCPB revoked Mr. Lyons' parole.

On 02/26/01 the USPC paroled Mr. Lyons.

On 11/28/01 the USPC issued its instant parole violator's warrant.

The US Marshal executed the warrant on 11/28/01.

On 01/18/02 the USPC conducted a probable cause hearing and on 01/18/02 found probable cause.

**Instant Warrant Information:**  None.

**Review of Charges:**

CHARGE NUMBER:         1 - Use of Dangerous and Habit Forming Drugs.

Violation Behavior....:    On 06/19/01 Mr. Lyons submitted a urine specimen that tested positive for cocaine.

On 06/28, 07/12, 07/26, 08/23, 09/25, 09/27, 10/19 and 10/30/01 Mr. Lyons submitted urine specimens that tested positive for opiates.

On 08/16 and 10/25/01 Mr. Lyons submitted urine specimens that tested positive for cocaine and opiates.

On 09/06/01 Mr. Lyons submitted a urine specimen that tested positive for cocaine, opiates and marijuana.

This is according to CSO Michelle Dunwoody's 11/01/01 report and laboratory reports.

CHARGE NUMBER:         2 - a) Possessing With the Intent to Distribute Cocaine, b) Possessing Heroin, c) Possessing Cocaine

Violation Behavior....:    On 10/30/01 Metropolitan Police in an unmarked car saw Mr. Lyons sitting in a vehicle that partially blocked an alley's entrance. They pulled next to the vehicle and saw Mr. Lyons pouring something into his right hand. An officer exited his vehicle to investigate and saw Mr. Lyons move his left hand toward Mr. Lyons' vehicle's floor.

After Mr. Lyons complied with the police's order to exit the vehicle, police found a bottle of 30 ziplock bags of crack cocaine in the spot where the officer saw Mr. Lyons move his left hand.

Police located a ziplock bag of heroin on Mr. Lyons' person.

Via F-6841-01 authorities charged him with the above offenses according to CSO Michelle Dunwoody's 11/01/01 report and to 10/30/01 Arrest Report (PD 163).

At his 01/18/02 probable cause hearing Mr. Lyons said that F-6841-01 was no papered.

**Institutional Adjustment and Release Plans:**  The USPC's file contains no current progress report.

**Salient Factor Score   (SFS-98)**

**Prior Convictions:**

| Date | Offense | Disposition of 11 most significant prior convictions: |
|---|---|---|
| 01/20/1982 | Tampering With Auto | committed to the Department of Human Services from 03/16/82 to 12/08/82. |
| 07/21/1982 | Possessing Marijuana and Possessing With the Intent to Distribute | committed to the Department of Human Services from 12/08/82 to 02/17/83. |
| 12/30/1982 | Tampering With Auto and Destroying Property | committed to the Department of Human Services from 02/17/83 to 06/17/83. |
| 04/05/1983 | Tampering With Auto and Destroying Property | committed to the Department of Human Services 06/17/83 |
| 01/10/1984 | Unauthorized Use of a Vehicle | committed to the Department of Human Services 05/24/84 |
| 02/22/1984 | Unlawful Entry, Theft 1st Degree | committed to the Department of Human Services 12/19/84 |
| 10/15/1985 | Attempted Burglary, Theft 2nd Degree | 01 year probation concurrent for each offense 12/06/85 |
| 11/11/1985 | Breaking and Entering Storehouse | 06 months 02/07/76 |
| 12/06/1985 | probation revoked | |
| 08/30/1986 | Unlawfully Possessing  Controlled Substance (Cocaine) | 01 year 08/31/86 M-10479-86 |
| 07/21/1989 | Burglary 2nd Degree, Theft 1st Degree | 09 years and 03 years consecutive respectively F-8566-89 |
| 05/07/1993 | mandatorily paroled | |
| 11/30/1993 | Possessing With the Intent to Distribute Cocaine While Armed | 90 months F-1241-93 |
| 11/29/1996 | mandatory parole revoked | |
| 08/15/1997 | paroled | |
| 10/22/1997 | Possessing Cocaine | no papered M-15996-97 |
| 02/25/1998 | DCPB ordered parole maintained | |
| 06/28/1998 | Possessing With the Intent to Distribute Cocaine, Possessing Cannabis, Assaulting a Police Officer | 180 days F-4679-98 |
| 06/30/1999 | parole revoked | |
| 02/26/2001 | paroled | |
| 04/12/2001 | Possessing With the Intent to Distribute Cocaine  Mr. Lyons fled from police after they saw him sell cocaine.  As he ran he dropped a bag of crack cocaine on the ground. | released on personal bond M-04105-01 |
| 10/30/2001 | Possessing With the Intent to Distribute Cocaine, Possessing Heroin | no papered F-6841-01 |

SFS Item A = 0     Subject has 12 prior convictions/adjudications.

SFS Item B = 0     Subject has 6 commitments of more than 30 days that were imposed prior to the last overt act of the current offense.

SFS Item C = 1     Subject was 34 years old at the commencement of the current offense and had 6 prior commitments.

SFS Item D = 0     06/19/2001 - Commencement of present offense.
                        02/26/2001 - Release to the community from last commitment.

SFS Item E = 0     Subject is a Parole status violator.

SFS Item F = 0     Sum of Items A-E = 1 and the offender was 34 years old at the commencement of the current offense.

**Salient Factor Score = 1**

---

**Severity:** Four

**Violation Type:** Administrative and Criminal, involving: 2 - Drug, 0 - Absconding, 0 - Other violation(s)

~~Re-parole Guidelines (range in moths): 34 - 44~~

---

**Conduct Warranting Rescission Guidelines:** None

| Number | Type of Offense | Guidelines (range in months) |
|--------|-----------------|------------------------------|
|        |                 |                              |

**Rescission Guidelines (range in months):**      **0 - 0**

**Rescission Conduct Description:** None.

**Aggregate Guidelines (range in months): 34 - 44**

**Risk:** None.

**Evaluation:** Mr. Lyons is 34 years of age.

Available information gives no quantities for the crack cocaine or heroin comprising his instant parole violation behavior. I suggest that he had between 01 gram and 09.9 grams of crack cocaine = Severity Category FOUR.

Possibly he had at least 10 grams of crack cocaine but probably not more than 100 grams of crack cocaine. If the USPC finds that this amount is probable; then Severity Category FIVE applies and the reparole guidelines would be 60-72 months.

**EXHIBIT P**

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Notice of Action

---

Name: LYONS, Andre                    Institution: CTF

Register Number: 07099-007           DCDC No.: 219-529

---

In the case of the above named the following parole action was ordered:

### DC Local Revocation:

Revoke parole. None of the time spent on parole shall be credited. Continue to a presumptive parole after the service of 16 months (May 15, 2003). You shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission finds as a fact that you violated the condition of release as indicated below:

Charge no. 1 - Use of Dangerous and Habit forming Drugs.

Basis: The testimony of your CSO Dunwoody and the lab report and the performance contract that was signed by subject on 05-27-2001, that she admitted abusing opiates marijuana and PCP.

The Commission makes no finding relative to the following charges.

Charge no. 2 - Law violation: (a) Possession with Intent to Distribute Cocaine, (b) Possession of Heroin, (c) Possession of Cocaine.

Basis: Unavailability of the adverse witness an arresting Police Officer Saddock. This represents the third time the arresting officer (subpoenaed witness) has failed to appear for examination/cross examination.

### REASONS:

Your parole violation behavior has been rated as Category One severity because it involved administrative violations. Your new salient factor score is 1. As of your hearing date of 06-20-2002, you have been in custody for 5 months. Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

---

Date: June 27, 2002                                          Clerk: adc

USM-District of Columbia - District Court    Page 1 of 3        LYONS.070



THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

See the attached sheet for an explanation of the Salient Factor Score and your item individual points.

cc:

U.S. Marshal
District of Columbia - District Court
333 Constitution Avenue, N.W.
Room 7337
Washington, D.C. 20001
Attn: Warrant Squad

CSS Management Group
Attn: Sharon Barnes-Dubbins
300 Indiana Avenue, NW
Second Floor, Suite 2149
Washington, DC 20001

Lisa Guffey
Federal Public Defender
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004



Date: June 27, 2002

USM-District of Columbia - District Court    Page 2 of 3

Clerk: adc

LYONS.070

| Your Pts | SFS-98 Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications    (adult or juvenile) None = 3; One = 2;Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments   of more than 30 days (adult or juvenile)  None = 2;One or two = 1; Three  or more = 0 |
| 1 | C - Age at commencement  of the current offense/prior commitments  of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment  free period (three years) No prior commitment  of more than thirty days (adult or juvenile), or released  to the community  from last such commitment  at least three years prior to the commencement of the current offense = 1; Otherwise  = 0 |
| 0 | E - Probation/parole/confinement/escape    status violator this time Neither on probation, parole, confinement,  or escape status at the time of the current offense; nor committed as a probation, parole, confinement,  or escape status  violator this time =1; Otherwise  = 0 |
| 0 | F - Older offenders If the offender was 41 years or more at the commencement  of the current offense (and the total score from Items  A-E above is 3 or less = 1; Otherwise  = 0 |
| 1 | Total Salient  Factor Score (SFS-98) (sum of points |

| Points for SFS-98 Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| 26 & Up | | | |
| 22-25 | | | 0 |
| 20-21 | | | 0 |
| 19 & | 0 | 0 | 0 |

**EXHIBIT Q**

**U.S. Department of Justice**
**United States Parole Commission**

## CERTIFICATE OF PAROLE
### District of Columbia Offender

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that Lyons, Andre, Register No. 07099-007, (DCDC No. 219-529), is eligible to be paroled, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on May 15, 2003, and that said prisoner is to reside within the District of Columbia and to remain within the limits of the Washington, D.C. Metropolitan Area (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) until midnight August 20, 2012.

Given under the hands and the seal of the United States Parole Commission on May 14, 2003.

UNITED STATES PAROLE COMMISSION

By: Joann L. Kelley, Case Analyst

Docket/Case Number: F8506-89-2162-053
Initial Risk Category: SFS: 1
Acknowledgement of Release Conditions:
I have read, or had read to me the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

Consent to the Disclosure of Drug/Alcohol Treatment Information:
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

_____Mr. Andre Lyons_____   219-529   07099-007
                    Name                                    DCDC No.

Witnessed: _____ 5/15/13
                    Name and Title                        Date

The above-named person was released on the 15 day of May, 2003 with a total of 3385 days remaining to be served.

Queued: 05-14-2003 13:20:58 BOP-Hope Village CCC | BOP-D.C. CCM |

_Joseph Wilmer_

Official Certifying Release



This CERTIFICATE will become effective on the day of release indicated above. If the releasee fails to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant issued by a Commissioner of the U.S. Parole Commission and reimprisoned pending a hearing to determine if the release should be revoked.

## CONDITIONS OF RELEASE

1.  You shall go directly to the district shown on the CERTIFICATE OF RELEASE (unless released to the custody of other authorities). Within three days after your arrival, you shall report to your parole advisor if you have one, and the United States Probation Officer whose name appears on the Certificate. If in any emergency you are unable to get in touch with your parole advisor, or your Probation Officer or the United States Probation Office, you shall communicate with the United States Parole Commission, Department of Justice, Chevy Chase, Maryland 20815.

2.  If you are released to the custody of other authorities, and after your release from physical custody of such authorities, you are unable to report to the United States Probation Officer to whom you are assigned within three days, you shall report instead to the nearest United States Probation Office.

3.  You shall not leave the limits fixed by the CERTIFICATE OF RELEASE without written permission from your Probation Officer.

4.  You shall notify your Probation Officer within 2 days of any change in your place of residence.

5.  You shall make a complete and truthful written report (on a form provided for that purpose) to your Probation Officer between the first and third day of each month, and on the final day of parole. You shall also report to your Probation Officer at other times as your Probation Officer directs, providing complete and truthful information.

6.  You shall not violate any law. You shall not associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Probation Officer if you are arrested or questioned by a law-enforcement officer.

7.  You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency.

8.  You shall work regularly unless excused by your Probation Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Probation Officer any changes in employment.

9.  You shall not drink alcoholic beverages to excess. You shall not purchase, possess, use or administer marijuana or narcotic or other habit-forming or dangerous drugs, unless prescribed or advised by a physician. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not associate with persons who have a criminal record unless you have permission from your Probation Officer.

11. You shall not possess a firearm, ammunition or other dangerous weapons.

12. You shall permit confiscation by your Probation Officer of any materials which your Probation Officer believes may constitute contraband in your possession and which your Probation Officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.

13. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been or may be imposed, and shall provide such financial information as may be requested, by your Probation Officer relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Probation Officer in establishing an installment payment schedule.

14. You shall submit to a drug test whenever ordered by your Probation Officer.

15. If you have been convicted of any sexual offense under District of Columbia or federal law (including Uniform Code of Military Justice offenses), you must report for registration with your state sex offender registration agency as directed by your U.S. Probation Officer. You are required to report for registration in any state in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with applicable state law that applies to current or prior federal, state or local convictions for sexual offenses, and in compliance with 42 U.S.C. 14072(i) (which makes it a federal crime for any offender covered by 18 U.S.C. 4042 not to register in accordance with state law). If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your U.S. Probation Officer.

16. You will provide a DNA sample if collection of such sample is authorized pursuant to 3 of the DNA Analysis Backlog Elimination Act of 2000.

By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the U.S. Parole Commission and the Probation Office. I further consent to the disclosure by such facility to the U.S. Parole Commission

Queued: 05-14-2003 13:20:58 BOP-Hope Village CCC | BOP-D.C. CCM |

05/14/03   11:27 FAX 202 492 5682          PAROLE COMMISSION                          @005

and the Probation Office of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision, or the occurrence of one of the items specified in 42 C.F.R. 2.35(b), whichever is earlier.

**You shall also abide by the below listed special condition(s) as indicated:**

You shall be subject to the Special Drug Aftercare Condition, which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

Information concerning a releasee under the supervision of the U.S. Parole Commission may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.



**EXHIBIT R**

| U.S. DEPARTMENT OF JUSTICE | WARRANT APPLICATION |
|---|---|
| UNITED STATES PAROLE COMMISSION | D.C. Code Offender |

Name .............................. **Lyons, Andre**

| | |
|---|---|
| Reg. No .......................... **07099-007** | Date .......................................... **February 20, 2004** |
| DCDC No. ..................... **219-529** | Termination of Supervision ..... **8-20-12** |
| FBI No .......................... **309102EA7** | [If Conviction Offense Before April 11, 1987 And |
| Birth Date ...................... ████ | Offender Is On Mandatory Release, Termination |
| Race .............................. **Black** | Date Is 180 Days Prior To Full Term] |
| | Violation Date .......................... **5-22-03** |
| | Released ................................... **5-15-03** |

Sentence Length ........... **12 years**
Original Offense ............ **Burglary II and Theft I**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:
**Charge No. 1 - Failure to Submit to Drug Testing.** On the following dates, the subject failed to submit a urine specimen as instructed and as required by the conditions his release: 5-22-03, 6-5-03, 7-3-03, 7-31-03, 8-14-03, 8-21-03, 10-02-03, 11-13-03 and 12-16-03. This charge is based on the information contained in the violation report dated 12-22-03, drugs status report dated 12-22-03 and running record dated 2-19-04 from Community Supervision Officer Yanira Sanabria.
I ADMIT [   ] or DENY [   ] this charge.

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** On the following date(s), the subject submitted urine specimens which tested positive for the drugs specified:



Opiates on 7-22-03, 8-12-03, 8-19-03, 9-11-03, 9-25-03, 9-30-03, 10-7-03, 10-14-03, 10-16-03, 10-21-03, 10-28-02, 10-30-03, 11-04-03, 11-6-03, 11-18-03, 11-20-03, 11-25-03, 12-04-03, 12-9-03 and 12-18-03

Cannabinoid 100 on 9-30-03, 10-7-03 and 10-14-03

Cocaine Metabolite on 9-30-03, 10-7-03, 10-14-03, 10-16-03, 10-21-03, 10-30-03, 11-20-03, and 12-9-03


This charge is based on the information contained in the violation report dated 12-22-03 from Community Supervision Officer Yanira Sanabria and the drug status report dated 1-22-03
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 3 - Failure to Report to Community Supervision Officer as Directed.** On the following date(s), 8-5-03, 8-20-03, 11-12-03 and 12-18-03 the subject failed to report to his Community Supervision Officer as directed. This charge is based on the information contained in the violation report dated 12-22-03 and running report dated 2-19-04 from Community Supervision Officer Yanira Sanabria.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 4 - Violation of Special Condition (DAPS).** Since 12-15-03, the subject has willfully refused to participate in the Special Drug Aftercare Program as instructed by his Community Supervision Officer and as required by the conditions of his release. The subject was instructed to participate in the Clean & Sober substance treatment program. The subject reported to the center on 12-5-03. In order to continue the program, the subject had to complete NA/AA meetings by 12-12-03. On 12-12-03; the subject reported to the center with forged NA/AA meeting sheets. A staff member gave subject another opportunity to complete 10 additional meetings by 12-15-03. The subject failed to do so. This charge is based on the information contained in the violation report dated 12-22-03 from Community Supervision Officer Yanira Sanabria and the non admittance report dated 12-18-03.
I ADMIT [ ] or DENY [ ] this charge.


Probable Cause Hearing Is Required          Warrant Recommended By:

                                            *Rhonda A. Shelton*

Warrant Issued.................. February 20, 2004    **Rhonda A. Shelton, Case Analyst Trainee**   ++
                                            **U.S. Parole Commission**

Community Supervision Office Requesting Warrant: **General Supervision Unit VI, 1230 Taylor Street**

**EXHIBIT S**

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Lyons, Andre, Reg. No. 07099-007, DCDC No. 219-529, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 12 years for the crime of Burglary II and Theft I and was on 5-15-03 released on parole from Hope Village CCC with 3385 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on February 20, 2004

_____
U.S. Parole Commissioner

**Lyons, Andre**
**Reg. No. 07099-007    DCDC No. 219-529**

# **<u>EXHIBIT T</u>**

REGNO...: 07099-007 NAME: LYONS, ANDRE
COMP NO: 030       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

FBI NO...........: 309102EA7           DATE OF BIRTH: ███████
ARS1.............: FAI/A-DES
UNIT.............: B                   QUARTERS.....: B02-940L
DETAINERS........: NO                  NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 03-25-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  04-29-2005 VIA PAROLE


G0002      MORE PAGES TO FOLLOW . . .

REGNO... 07099-007 NAME: LYONS, ANDRE
COMP NO: 030          ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

-----------------------PRIOR JUDGMENT/WARRANT NO: 030 -----------------------

COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F8566-89BC
JUDGE...........................: BURGESS
DATE SENTENCED/PROBATION IMPOSED: 04-10-1991
DATE WARRANT ISSUED.............: 02-20-2004
DATE WARRANT EXECUTED...........: 04-29-2004
DATE COMMITTED..................: 09-27-2004
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


G0002        MORE PAGES TO FOLLOW . . .

REGNO... 07099-007 NAME: LYONS, ANDRE
COMP NO: 030      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

RESTITUTION...: PROPERTY: NO SERVICES: NO      AMOUNT: $00.00

--------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  605
OFF/CHG: 22-1801(B), BURGLARY II; 22-3812(A), THEFT I

  SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   12 YEARS
  NEW SENTENCE IMPOSED...........: 1682 DAYS
  BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
  DATE OF OFFENSE................: 07-21-1989


  G0002      MORE PAGES TO FOLLOW . . .

REGNO... 07099-007 NAME: LYONS, ANDRE
COMP NO: 030          ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS


--------------------------PRIOR COMPUTATION NO: 030 --------------------------

COMPUTATION 030 WAS LAST UPDATED ON 03-01-2005 AT CRO AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 030:   030 010

DATE COMPUTATION BEGAN..........: 04-29-2004
TOTAL TERM IN EFFECT............: 1682 DAYS
TOTAL TERM IN EFFECT CONVERTED..:     4 YEARS       7 MONTHS       7 DAYS
EARLIEST DATE OF OFFENSE........: 07-21-1989

TOTAL JAIL CREDIT TIME..........: 0

G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 07099-007 NAME: LYONS, ANDRE
COMP NO: 030      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS


TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 7
TOTAL SGT POSSIBLE..............: 386
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 11-15-2007
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 12-05-2008


PAROLE EFFECTIVE................: 04-29-2005
PAROLE EFF VERIFICATION DATE....: 02-25-2005
NEXT PAROLE HEARING DATE........: N/A
TYPE OF HEARING.................: PAROLE EFFECTIVE


G0002      MORE PAGES TO FOLLOW . . .

Case 1:06-cv-02008-GK    Document 7-22    Filed 03/01/2007    Page 7 of 7

REGNO...: 07099-007 NAME: LYONS, ANDRE
COMP NO: 030      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

ACTUAL SATISFACTION DATE........: 04-29-2005
ACTUAL SATISFACTION METHOD......: PAROLE
ACTUAL SATISFACTION FACILITY....: RIV
ACTUAL SATISFACTION KEYED BY....: JWW

DAYS REMAINING..................: 1316
FINAL PUBLIC LAW DAYS...........: 0

              COMPUTATION CERTIFIED BY DCRC ON 03-03-05




G0002        MORE PAGES TO FOLLOW . . .

**<u>EXHIBIT U</u>**

U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

| | |
|---|---|
| Name: LYONS, Andre | Institution:  D.C. CCM/CTF |
| Register Number: 07099-007 | |
| DCDC No:  219-529 | Date:      August 26, 2004 |

In the case of the above-named, the following parole action was ordered:

### DC EXPEDITED REVOCATION

Revoke Parole; None of the time spent on Parole shall be credited.  Parole effective on April 29, 2005 after the service of 12 months.

In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency.  That program may include testing and examination to determine if you have reverted to the use of drugs.  You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

### FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

      Charge No. 1 - Failure to Submit to Drug Testing.

      Charge No. 2 - Use of Dangerous and Habit Forming Drugs.

      Charge No. 3 - Failure to Report to Community Supervision Officer as Directed.

      Charge No. 4 - Violation of Special Condition (DAPS).

Basis for the above stated finding(s):  Your admission.

### REASONS:

Pursuant to the revocation proposal you signed on 8/11/2004, Your violation behavior has been rated as Category One severity because it involved administrative violations of supervision.  Your salient factor score is 1 (see attached sheet).  You have been in federal confinement as a result of your behavior for a total of 4 month(s) as of  8/29/2004.  Guidelines established by the Commission indicate a range of 12-16 months to be served. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    Tracey Hayes
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Avenue, N.W.
       Room 1400
       Washington, DC 20001
       Attn: Karen Brown

       CSS Management Group
       Attn: Sharon Barnes-Durbin, SCSA
       300 Indiana Avenue, N.W.
       Second Floor, Suite 2149
       Washington, DC 20001

**SALIENT FACTOR SCORE (SFS-98)**

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 0 | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 1 | Salient Factor Score (SFS-98) (sum of points for A-F above) |



**<u>EXHIBIT V</u>**

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Having determined that (1) Lyons, Andre, Register No. 07099-007, (DCDC No. 219-529) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on April 29, 2005 and remain under parole supervision through December 05, 2008.  The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on April 21, 2005.

UNITED STATES PAROLE COMMISSION

By   Dawn  M. Booze-Hill , Case  Services
Technician

Docket/Case Number: 135566-89DC
Initial Risk Category: GRS

**Acknowledgment of Release Conditions**

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE.  I have received a copy of this CERTIFICATE OF PAROLE.  I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**

By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand.  I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty.  This consent is irrevocable until the end of parole supervision.

_____          _____
                          Name                                                         DCDC No.

Witnessed: _____
                          Name and Title                                                    Date

The above-named inmate was released on the _____ day of _____, 20_____ with a total of _____ days remaining to be served.

_____
                          Official Certifying Release

Queued: 04-21-2005 14:51:55 BOP-Rivers Correctional Institution |

This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1. A. You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.

   B. If you are not released to the community after your parole, you must follow the instructions in I.A. above when you are released to the community.

2. You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.

3. You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.

4. You must notify the officer supervising you within two days of (A) any arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.

5. You must permit the officer supervising you to visit your place of residence and your place of business or employment.

6. You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your residence, place of business or employment, and your residence, place of business or employment, and vehicle.

7. You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.

8. You must not violate any law and not associate with anyone else who is violating any law.

9. You must not possess a dangerous weapon, which includes ammunition.

10. You must not drink alcohol to excess and must not ingest any use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.

11. You must not associate with a person who has a criminal record without permission from the officer supervising you.

12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.

13. You must make a diligent effort to work regularly unless excused by the officer supervising you, and to support any legal dependent.

14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.

15. If you are being paroled from a sentence imposed following conviction of a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.

16. If you are required by law to report and register as a sex-offender, you must comply with that law.

17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.

18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.

19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.

20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

Queued: 04-21-2005 14:51:55 BOP-Rivers Correctional Institution |

**SPECIAL CONDITIONS**

You shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.



Queued: 04-21-2005 14:51:55 BOP-Rivers Correctional Institution |

**EXHIBIT W**

U.S. DEPARTMENT OF JUSTICE                         WARRANT APPLICATION
UNITED STATES PAROLE COMMISSION                    D.C. Code Offender

Name ..............................Lyons, Andre

Reg. No ..........................07099-007        Date ......................................... December 14, 2005
DCDC No.......................219-529              Termination of Supervision..... 12-5-2008
FBI No.........................,,...309 102 EA7    [If Conviction Offense Before April 11, 1987 And
Birth Date......................▮▮▮▮▮▮▮▮           Offender Is On Mandatory Release, Termination
Race ...............................Black          Date Is 180 Days Prior To Full Term]
                                                   Violation Date.......................... 8-2-2005
                                                   Released................................April 29, 2005

Sentence Length ........... 12 years (Original); 1,682 days (Parole Violator Term)
Original Offense.............Burglary II; Theft

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:
**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:
Opiates – 8-2-2005, 8-9-2005, 8-16-2005, 8-30-2005, 9-6-2005, 9-13-2005, 9-27-2005, 10-11-2005, and 10-18-2005.
This charge is based on the information contained in the violation report dated 11-2-2005 from supervising officer Denetra Frye and corresponding drug report dated 10-28-2005.
**I ADMIT [ ] or DENY [ ] this charge.**

**Charge No. 2 - Failure to Submit to Drug Testing.** The releasee failed to submit urine specimens on 9-20-2005, 10-4-2005, and 10-25-2005. This charge is based on the information contained in the violation report dated 11-2-2005 from supervising officer Denetra Frye.

I ADMIT [  ] or DENY [  ] this charge.

**Charge No. 3 - Violation of Special Condition (Drug Aftercare).** The releasee has willfully refused to participate in the drug aftercare program since 10-28-2005. This charge is based on the information contained in the violation report dated 11-2-2005 from supervising officer Denetra Frye.

I ADMIT [  ] or DENY [  ] this charge.

**Probable Cause Hearing Is Required**                 **Warrant Recommended By:**

Warrant Issued................... **December 14, 2005**        **Scott Kubic, Case Analyst**
                                                              **U.S. Parole Commission**

Community Supervision Office Requesting Warrant:  **General Supervision Unit-Team 48, 800 North Capitol**

---

**Lyons, Andre**
**Reg. No. 07099-007    DCDC No. 219-529**

**EXHIBIT X**

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Lyons, Andre, Reg. No. 07099-007, DCDC No. 219-529, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 12 years (Original); 1,682 days (Parole Violator Term) for the crime of Burglary II; Theft and was on April 29, 2005 released on parole from Rivers Correctional Institution with 1,316 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on December 14, 2005

_____
U.S. Parole Commissioner

---

**Lyons, Andre**
**Reg. No. 07099-007    DCDC No. 219-529**

**EXHIBIT Y**

U.S. DEPARTMENT OF JUSTICE                          SUPPLEMENT
UNITED STATES PAROLE COMMISSION                     D.C. Code Offender

Name ............................ Lyons, Andre
Reg. No ......................... 07099-007
DCDC No. .................... 219-529
FBI No. ......................... 309102EA7
Birth Date ......................
Race ............................ Black
Date ............................ March 9, 2006

CHARGES:

Charge No. 4 - Law Violation. A) Burglary (C B) Assault on a Police Officer. On 3-1-06, the releasee
forced his way into an individual's apartment. When an officer attempted to arrest the releasee, he bit the
officer on the hand. The releasee was arrested by the Metropolitan Police Department for the above-cited
offense on 3-1-06. This charge is based on the information contained in the violation report dated 3-7-06
from supervising officer Denetra P. Frye and a police report dated 3-1-06. Status of Custody/Criminal
Proceedings: The subject was released on 3-9-06.
I ADMIT [  ] or DENY [  ] this charge.

Warrant Issued .............. December 14, 2005
District Sent To ............... General Supervision Unit, Team 48

                                    Warrant Recommended By:

                                    Annette A. Shelton, Case Analyst
                                    U.S. Parole Commission

Lyons, Andre
Reg. No. 07099-007   DCDC No. 219-529
Warrant Application Supplement
Page 1
Queued: 03-10-2006 08:30:04 USM-District of Columbia - District Court | USPO-General Supervision
Unit-Team 48, 800 North Capitol |

# EXHIBIT Z



# D.C. Local Revocation Prehearing Assessment

*9*
*12-1-08*
*33*
*34 мо*
*2ʸ3ⁱ*

**Name.........:** LYONS, ANDRE
**Reg Number.:** 07099-007
**Birth Date...:** ███████
**DCDC Number:** 219-529

## Prehearing Parameters
Date....................................: 05/17/2006
Examiner..............................: Sandra G. Hylton
Location...............................: CTF (or DC Jail)

## Warrant Parameters
Supervision Type....................: Parole
Supervision District................: General Supervision Unit-Team 48 Rhode Island Avenue
Warrant/Summons...................: Warrant
Warrant Executed....................: 03/16/2006
Probable Cause Found..............: 03/24/2006
Revocation Hearing Deadline.....: 05/22/2006

## Sentence Parameters
Adult / Youth........................: Adult
Jail Credit (days)....................: 0
In-Operative Time (days).........: 0
MR Date (2/3).......................: 12/23/2008
Full Term Date......................: 10/21/2009
GL Credit (months)................: 0
GL Months in Custody.............: 3     as of 06/14/2006
GL Months at Projected MR.......: 33
Detainer.............................: None

## Additional Text regarding the above parameters:


## Previous Commission Action:
On 07/21/89 Mr. Lyons entered a residence via a basement window and stole video cassette recorders, a bicycle, cameras and money from the residence.
Effective 04/24/90, via F-8566-89, the court sentenced Mr. Lyons to 09 years for Burglary 2nd Degree and to 03 years consecutive for Theft 1st Degree.

The DCPB mandatorily paroled Mr. Lyons on 05/07/93.

On 11/30/93 Mr. Lyons was selling cocaine. Police recovered 42 bags of cocaine, a straight razor and some marijuana on his person. He resisted arrest by kicking an officer and trying to bite another officer.



Effective 12/01/93, via F-12421-93, the court sentenced him to 90 months for Possessing With the Intent to Distribute Cocaine While Armed.

On 11/29/96 the DCPB revoked Mr. Lyons' mandatory parole.

The DCPB paroled Mr. Lyons on 08/15/97.

On 10/22/97 authorities charged Mr. Lyons with Possessing Cocaine.
Via M-15996-97 authorities no papered this charge.

On 06/28/98, at 12:30 a.m., a citizen alerted police that Mr. Lyons was selling drugs. At 01:20 a.m. police saw Mr. Lyons sitting in a vehicle and holding an open bottle of beer. He refused to exit the vehicle. An officer hurt his hand during the struggle to extricate Mr. Lyons from the vehicle.
Police discovered 10 ziplock bags of crack cocaine, additional crack cocaine, some marijuana and a marijuana cigarette in the vehicle.
Via F-4679-98 the court sentenced Mr. Lyons to 180 days for Possessing With the Intent to Distribute Cocaine, Possessing Cannabis and Assaulting a Police Officer.

On 06/30/99 the DCPB revoked Mr. Lyons' parole.
On 02/26/01 the USPC paroled Mr. Lyons.

On 6/27/02 the USPC ordered: Revoke Parole. None of the time spent on parole shall be credited. Continue to a presumptive parole after the service or 16 months (5-15-03). The violations were administrative.
The subject was paroled on 5/15/03 with a full term date of 8/20/12.

On 8/26/04 the USPC ordered: Revoke Parole (via Expedited Revocation). None of the time spent on Parole shall be credited. Parole effective 4/29/05 after the service of 12 months. The violations were administrative.

NOA dated 2/25/05 ordered: Reopen and add the 120 days CCC placement condition. Parole effective 4/29/05. The subject was released with a full term date of 12/5/08.

A USPC warrant was issued on 12/14/05 and executed on 3/16/06 charging administrative violations. Probable cause was found on 3/24/06 and a revocation hearing was scheduled for 5-22-06.


**Violations of Conditions of Release:**

   **Charge Number:    1**
   Offense:..................................... **Use of Dangerous and Habit Forming Drugs**
   Violation Behavior:............... . The releasee submitted urine specimens which tested positive for:
   Opiates – 8-2-2005, 8-9-2005, 8-16-2005, 8-30-2005, 9-6-2005, 9-13-2005, 9-27-2005, 10-11-2005, and 10-18-2005.
   This charge is based on the information contained in the violation report dated 11-2-2005 from supervising Officer Denetra Frye and corresponding drug report dated  10-28-2005.

   **Charge Number:    2**
   Offense:.................................. **Failure to Submit to Drug Testing**


LYONS, ANDRE 07099-007                                                      Page 2 of 4

Violation Behavior:............... . The releasee failed to submit urine specimens on 9-20-2005, 10-4-2005, and 10-25-2005. This charge is based on the information contained in the violation report dated 11-2-2005 from supervising Officer Denetra Frye.

**Charge Number:   3**
Offense:................................ **Violation of Special Condition (Drug Aftercare).**
Violation Behavior:............... The releasee has willfully refused to participate in the drug aftercare program since 10-28-2005. This charge is based on the information contained in the violation report dated 11-2-2005 from supervising Officer Denetra Frye.

**Charge Number:   4**     (First Supplement 03/09/2006)
Offense:................................ **Law Violation**
Violation Behavior:............... . A) Burglary I, B) Assault on a Police Officer. On 3-1-06, the releasee forced his way into an individual's apartment. When an officer attempted to arrest the releasee, he bit the officer on the hand. The releasee was arrested by the Metropolitan Police Department for the above-cited offense on 3-1-06. This charge is based on the information contained in the violation report dated 3-7-06 from supervising officer Denetra T. Frye and a police report dated 3-1-06. Status of Custody/Criminal Proceedings: The subject was released on 3-9-06.

**Severity:**  Category Six

**Severity Justification:** Your violation behavior has been rated Category Six severity because it involved the following Administrative and Criminal offenses: Assault on a police Officer

## SALIENT FACTOR SCORE   (SFS-98)

SFS Item A =  0     Subject has 8 prior conviction(s)/adjudication(s).

| Date | Offense | Disposition |
|---|---|---|
| 04/05/1983 | Destruction of Property | 6-17-83: 2 year commitment to DHS (1-0) |
| 01/10/1984 | UUV | 5-24-84: 2 year commitment to DHS. Terminated 6-28-85. (2-0) |
| 02/22/1984 | Unlawful Entry; Theft I | 12-19-84: 2 years commitment to DHS (3-0) |
| 10/15/1985 | Burglary II; Theft II | 12-6-1985: 90 days ESS, 1 year supervised probation under FYCA 5010A, probation revoked on 12-4-86 sentenced to 90 days; 89 days ESS, 1 year supervised probation under FYCA 5010A; probation revoked on 12-4-86 and sentenced to 89 days. (4-1) |
| 08/03/1986 | UCSA Possession of Cocaine | 11-3-86: 1 year (5-1) |
| 07/21/1989 | Burglary II; Theft I | 4-10-91: 3 to 9 years; 1 to 3 years (6-2) paroled 5-7-93. |
| 11/30/1993 | PWID cocaine while armed | 6-3-94: 30 to 90 months.(7-3) Mandatory released. Revoked 11-29-96.(7-4) Reparoled 8-15-97. |
| 06/28/1998 | Possession of marijuana and Cocaine | 2-17-99: 180 days (8-5) Revoked 6-30-99 (8- |

LYONS, ANDRE 07099-007

) Reparoled 2-26-01; Revoked 6-27-02 (8-9
Reparoled 5-15-03. Revoked 8-26-05 (8-
10)Reparoled 4-29-05.

SFS Item B = 0    Subject has 10 commitment(s) of more than 30 days that were imposed prior to the last
                 overt act of the current offense.

SFS Item C = 1    Subject was 38 years old at the commencement of the current offense and had 10 prior
                 commitments.

SFS Item D = 0    08/02/2005 - Date of Current Offense.
                 04/29/2005 - Release to the Community from last commitment

SFS Item E = 0    Subject is a parole/ supervised release violator.

SFS Item F = 0    Sum of Items A-E = 1 and the offender was 38 years old at the commencement of the
                 current offense.

**Salient Factor Score = 1**

**Rescission Behavior(s) :**
   The prisoner had no Disciplinary Behavior after the Warrant Execution.

**Re-parole Guidelines (range in months): 78 - 100**

**Rescission Guidelines (range in months): 0 - 0**

**Aggregate Guidelines (range in months): 78 - 100**

**Text to Describe Any Other Behavior or Remaining Issues:**
None

**Evaluation:**
The subject has a SFS of 1, Offense Severity Rating of Six for assault on a police officer. Reparole guidelines are
78-100 months. The subject has been incarcerated two months as of 5-16-06. This is the subject's fourth parole
revocation action. He was in the community 4 months prior to the commencement of violation behavior. He
continued to use illegal substances , failed to report for drug testing; violated the special drug aftercare condition
and was eventually arrested for new law violations.

**EXHIBIT AA**

U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: LYONS, Andre                          Institution: D.C. CTF
Register Number: 07099-007
DCDC No: 219-529                            Date:    December 14, 2006

---

As a result of the hearing conducted on November 20, 2006 the following action was ordered:

## DC Local Revocation

Revoke parole. None of the time spent on parole shall be credited.   Deny re-parole.  Continue to expiration.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

## FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs

Charge No. 2 - Failure to Submit to Drug Testing

Charge No. 3 - Violation of Special Condition (DARS)

Basis for the above stated finding(s): Your admission

Charge No.4 - Law Violation - (A) Burglary I

Charge No.4 - Law Violation – (B) Assault on a Police Officer

Basis for the above stated finding(s): Testimony of Officer Favors and Police Report 3/1/2006.

---

**REASONS:**

Your parole violation behavior has been rated as criminal conduct of Category Three severity because it involved Assault on a Police Officer without Bodily Injury. Your salient factor score is 1. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of December 1, 2006 you have been in confinement as a result of your violation behavior for a total of 9 month(s). Guidelines established by the Commission indicate a customary range of 24-32 months to be served before release.

After review of all relevant factors and information, a decision above the guidelines is warranted because you are a poorer parole risk than indicated by your Salient Factor Score in that this is your fourth revocation of supervision on this term and you were previously convicted of Assaulting a Police Officer in 1998. In 1993 you kicked and bit an officer in a separate incident.

In addition, you have also been scheduled for a review hearing during November 2008.

THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your case worker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     D.C. Federal Billing Unit
        D.C. Department of Corrections
        Washington, D.C. 20003

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave., N.W. Room 1400
        Washington, D.C. 20001
        Warrants - Attn: David Baldwin

        Nolan Lloyd
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | D - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | E - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 0 | F - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 1 | Salient Factor Score (SFS-98) (sum of points for A-F above) |



**EXHIBIT BB**

Case 1:06-cv-02008-GK    Document 7-30    Filed 03/01/2007    Page 2 of 7

REGNO..: 07099-007 NAME: LYONS, ANDRE
COMP NO: 050        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

FBI NO...........: 309102EA7         DATE OF BIRTH: ███████████
ARS1.............: FAI/A-DES
UNIT.............: B                 QUARTERS.....: B02-940L
DETAINERS........: NO                NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 08-31-2008

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  12-09-2008 VIA MAND PAR

G0002        MORE PAGES TO FOLLOW . . .

Case 1:06-cv-02008-GK   Document 7-30   Filed 03/01/2007   Page 3 of 7

REGNO...: 07099-007 NAME: LYONS, ANDRE
COMP NO: 050      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS


--------------------CURRENT JUDGMENT/WARRANT NO: 050 ----------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F8566-89BC
JUDGE.........................: BURGESS
DATE SENTENCED/PROBATION IMPOSED: 04-10-1991
DATE WARRANT ISSUED............: 12-14-2005
DATE WARRANT EXECUTED..........: 03-16-2006
DATE COMMITTED.................: 03-16-2006
HOW COMMITTED.................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED.............: NO
SPECIAL PAROLE TERM...........:


G0002      MORE PAGES TO FOLLOW . . .

Case 1:06-cv-02008-GK   Document 7-30   Filed 03/01/2007   Page 4 of 7

REGNO..: 07099-007 NAME: LYONS, ANDRE
COMP NO: 050      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

RESTITUTION...: PROPERTY: NO  SERVICES: NO        AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 605
OFF/CHG: 22-1801(B), BURGLARY II; 22-3812(A), THEFT I

  SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:  12 YEARS
  NEW SENTENCE IMPOSED...........: 1316 DAYS
  BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
  DATE OF OFFENSE................: 07-21-1989


G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 07099-007 NAME: LYONS, ANDRE
COMP NO: 050        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS


------------------------CURRENT COMPUTATION NO: 050 -------------------------

COMPUTATION 050 WAS LAST UPDATED ON 01-16-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 01-27-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 050: 050 010

DATE COMPUTATION BEGAN..........: 03-16-2006
TOTAL TERM IN EFFECT............: 1316 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS     7 MONTHS     6 DAYS
EARLIEST DATE OF OFFENSE........: 07-21-1989


   G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 07099-007 NAME: LYONS, ANDRE
COMP NO: 050      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

JAIL CREDIT....................:   FROM DATE    THRU DATE
                                   03-02-2006   03-15-2006

TOTAL JAIL CREDIT TIME..........: 14
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 7
TOTAL SGT POSSIBLE..............: 302
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 12-09-2008
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 10-07-2009

NEXT PAROLE HEARING DATE........: UNKNOWN

G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 07099-007 NAME: LYONS, ANDRE
COMP NO: 050         ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

TYPE OF HEARING.................: UNKNOWN

PROJECTED SATISFACTION DATE.....: 12-09-2008
PROJECTED SATISFACTION METHOD...: MAND PAR

G0002       MORE PAGES TO FOLLOW . . .